GEORGE CHANDLER, Receiver,

*v.*

ROBERT FROST.

PRACTICE—*amendment changing the parties plaintiff.* An action was commenced in the name of "George Chandler, receiver of the Lamar Insurance Company," to recover upon the subscription of the defendant to the capital stock of the company. It was *held* to be error to refuse leave to plaintiff to so amend the record that the cause should stand in the name of "The Lamar Insurance Company," instead of that of "George Chandler, receiver."

APPEAL from the Circuit Court of Scott county; the Hon. CYRUS EPLER, Judge, presiding.

Mr. JOHN G. HENDERSON, for the appellant.

Mr. H. CASE, for the appellee.

Per CURIAM: The only question in this case is, did the court below err in refusing leave to so amend the record that the cause should stand in the name of "The Lamar Insurance Company, as plaintiff, instead of that of George Chandler, receiver." The suit was commenced in the name of "George Chandler, receiver of the Lamar Insurance Company," as plaintiff, and the original declaration was based on the same decree, and was the same in form and substance, it is conceded, as the declaration in *Chandler* v. *Brown*, 77 Ill. 333.

The amended count filed by leave of the court after the demurrer to the original declaration was sustained, does not appear to be objectionable, if the Lamar Insurance Company may be substituted for George Chandler as plaintiff therein,— at least no objection in other respects has been urged or is perceived.

That the name of the plaintiff may be changed, under the present practice act, was held in *Teutonia Life Ins. Co.* v. *Mueller et al.* 77 Ill. 22, and *Challenor* v. *Niles, Admr.* 78 Ill. 78, and it would seem difficult to distinguish, in principle, those cases from this.

We think it is very plain that the *cause of action* is not different in the amended count, from that attempted to be declared on in the original declaration. In all, it is the subscription of Frost to the capital stock of the Lamar Insurance Company—the decree of court, in the original declaration, being set out simply to establish a right in Chandler, as receiver, to prosecute for and recover that subscription.

The object, whether the suit is prosecuted by the corporation or by the receiver, is the same—namely, to add the amount due from the defendant to the cash assets of the corporation—

and it is clear that any defense that might be interposed against a receiver, lawfully suing, might also be interposed against the corporation, lawfully suing, or *vice versa*.

The amendment sought to be made is authorized by the statute, and it was error to disallow it.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*