CHARLES C. HOMER *vs.* BARR PUMPING ENGINE COMPANY.

Essex.   November 6, 1901. — December 2, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & LORING, JJ.

*Receiver.*

The general rule in this Commonwealth is that a receiver of a corporation has no right, outside of the jurisdiction of the tribunal that appoints him, to sue in his own name on a claim of the corporation, unless he actually or virtually is an assignee of the claim which he seeks to enforce.

In an action brought in his own name by a receiver appointed by a court of another State, if the answer is a general denial, the burden is on the plaintiff to show that he is a receiver authorized to bring the action in our courts in his own name, and in order to recover he must prove that the defendant is liable to him as receiver in the present form of action.

CONTRACT by the receiver of the Campbell and Zell Company, a corporation organized under the laws of the State of Maryland, the plaintiff having been appointed receiver by the Circuit Court of Baltimore in that State, for a balance alleged to be due for two boilers furnished by the corporation to the defendant and used in the equipment of a pumping engine plant at Washington, D. C.   Writ dated October 31, 1898.

The answer was a general denial and payment, and an amended answer alleged that the boilers were faulty in construction, whereby the defendant suffered damage which it sought to recoup.

At the trial in the Superior Court, before *Mason,* C. J., the defendant among other requests asked for a ruling that on all

the evidence the plaintiff had no right to maintain the action as receiver of the Campbell and Zell Company. It also asked for numerous rulings, to the effect, that the test applied to the boilers was not that prescribed by the terms of the contract between the Campbell and Zell Company and the defendant. But it appeared, as stated in the opinion of the court, that the contract provided for no specific test to determine the sufficiency of the boilers. These rulings, and other rulings requested by the defendant but now not material, were refused by the judge.

The jury returned a verdict for the plaintiff in the sum of $3,301.59; and the defendant alleged exceptions.

*J. G. Robinson*, for the defendant.

*B. E. Crowell*, for the plaintiff.

KNOWLTON, J. The plaintiff sued as a receiver of a foreign corporation, and averred in different counts of his declaration that the defendant was liable to him as such receiver, under a contract and on account of transactions with the corporation. The answer to this part of the case is a general denial.

The law in regard to the right of receivers of corporations to sue in their own name on claims due the corporation has often been considered, and the general rule in this Commonwealth and in some other jurisdictions is that a receiver has no such right that follows him beyond the jurisdiction of the tribunal that appoints him, unless he is actually or virtually an assignee of the claim which he seeks to enforce. *Amy* v. *Manning*, 149 Mass. 487. *Wilson* v. *Welch*, 157 Mass. 77. *Buswell* v. *Order of the Iron Hall*, 161 Mass. 224. *Fort Payne Coal & Iron Co.* v. *Webster*, 163 Mass. 134. *Ewing* v. *King*, 169 Mass. 97. *Howarth* v. *Lombard*, 175 Mass. 570. *Hayward* v. *Leeson*, 176 Mass. 310, 325.

In the present case there is nothing to show that the plaintiff is an assignee of the corporation's property, or that he has any authority to sue in his own name other than an appointment as receiver by the Circuit Court of Baltimore city in the State of Maryland, which appointment authorized him to sue in that State, either in his own name or in the name of the corporation. The auditor found that under the law of Maryland a receiver of a corporation appointed in another State in the usual way, with a right under the judicial decisions of the foreign State to sue

in its courts 'in his own name, is not authorized to bring an action in his own name in Maryland. In this respect the law of that State seems to be like our own. He also decided that under our law this action could not have been maintained without substituting the corporation as plaintiff for the receiver, if the question had been properly raised by the pleadings.

On the facts found we are of opinion that the action cannot be maintained in its present form. The plaintiff's declaration leaves upon himself the burden of showing that he is a receiver authorized to bring the action in our courts in his own name. In order to recover he must prove that the defendant is now liable to him as receiver, in such a sense that in the present form of action he is entitled to a favorable judgment from the court. The defendant's general denial puts this averment in issue, and the ruling on this part of the case should have been in favor of the defendant.

We see no other error in the matters excepted to. The defendant's requests in regard to a test referred to in the contract seem to have been founded on a mistaken view of the contract. The instructions on this part of the case were correct.

*Exceptions sustained.*