## THE CONGRESS CONSTRUCTION COMPANY

*v.*

## THE FARSON & LIBBEY COMPANY.

*Opinion filed October 25, 1902—Rehearing denied December 9, 1902.*

1. PARTIES—*declaration may be amended so as to change name of the plaintiff.* Under section 23 of the Practice act and section 1 of the act of amendments and jeofails, amendments may be allowed even to the extent of changing the name of the plaintiff.

2. SAME—*assignee is proper party to bring suit under the Voluntary Assignment act.* Under the provisions of the Voluntary Assignment act the assignee was the party to bring suit upon the debtor's choses in action; but this right was official, and ceased when the assignee was removed or the proceedings were discontinued, the power to sue being merely incident to the office.

3. SAME—*proper party to sue after the assignee is discharged.* If an assignee, under the Voluntary Assignment act, begins suit in assumpsit upon one of his debtor's choses in action, but pending suit he sells the chose in action under an order of court and is discharged and the assignment proceeding is discontinued, the purchaser of the chose in action may continue the suit in the name of such debtor, and the declaration may be amended accordingly.

 · *Congress Const. Co.* v. *Farson & Libbey Co.* 101 Ill. App. 279, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. E. F. DUNNE, Judge, presiding.

This is an action, brought on October 5, 1898, in the circuit court of Cook county by Charles E. Payne, assignee of the Farson & Libbey Company, insolvent, against the Congress Construction Company, appellant herein. The declaration, which was in assumpsit, consisted of the common counts, and was filed on October 7, 1898. Therein the plaintiff describes himself as Charles E. Payne, assignee of the Farson & Libbey Company, plaintiff. In addition to the common counts the declaration contains the further allegation that on December 30, 1895, the Farson & Libbey Company made a general deed of assignment for the benefit of creditors to the plaintiff. The *ad damnum* was laid at $3000.00, and the affidavit filed with the declaration stated the amount due to be $1651.98. The appellant filed pleas of the general issue and set-off, the latter being based upon two notes, alleged to have been executed by the Farson & Libbey Company to the order of Edwin S. Hartwell on October 14, 1895, and assigned by Hartwell to the appellant.

On June 2, 1900, appellant filed a plea of *puis darrein continuance*, alleging that, after the supposed several causes of action had accrued to the plaintiff, to-wit, on October 7, 1898, plaintiff was the assignee of the Farson & Libbey Company; that the insolvent proceedings were then pending in the county court of Cook county; that all of the right, title, interest and trust of the Farson & Libbey Company was conveyed to the plaintiff, Payne, by said deed of assignment; that thereafter plaintiff continued to act as assignee and to administer upon the estate of the Farson & Libbey Company; that afterwards on February 10, 1900, a petition was filed by Payne, as assignee, for leave to sell the cause of action against appellant; that the judgment of the county court was that the interest of the Farson & Libbey Company, and of the assignee, vested in William Wilson, to whom said claim was sold; and that afterwards, upon the petition of the

assignee in the county court, he was discharged as the assignee of the Farson & Libbey Company "in accordance with the provisions of the Voluntary Assignment act." On June 6, 1900, a demurrer was filed to this plea of *puis darrein continuance,* and on June 11, 1900, said demurrer was overruled and leave given to the plaintiff to file an amended declaration instanter; and an order was entered upon appellant to plead.

Thereupon on June 11, 1900, an amended declaration was filed, wherein the Farson & Libbey Company for the use of William Wilson was made plaintiff, and appellant was made defendant. The amended declaration alleged in substance, that the Farson & Libbey Company made its general deed of assignment on December 30, 1895, to Payne in accordance with the provisions of the act concerning voluntary assignments, approved May 22, 1877; that Payne qualified as such assignee; that, by virtue of an order entered in the county court on February 10, 1900, he sold to William Wilson all the uncollectible accounts and choses in action of the Farson & Libbey Company, and of the said Charles E. Payne, as assignee, including the claim due said company from appellant; that on March 6, 1900, Payne was discharged as assignee of the Farson & Libbey Company, and the said estate of the Farson & Libbey Company was closed and settled. A demurrer was filed to this declaration and overruled; and then to the amended declaration appellant filed the pleas of general issue, *nul tiel corporation,* and set-off.

The cause went to trial before the court and a jury. Instructions in writing were given to the jury, who returned a verdict in favor of appellee, the Farson & Libbey Company, for $1520.12. Motion for new trial was overruled, and judgment was entered upon the verdict. A writ of error was sued out from the Appellate Court to review said judgment. The Appellate Court affirmed the judgment, and the present appeal is prosecuted from such judgment of affirmance.

On June 26, 1900, after the demurrer to the amended declaration was overruled, an order was entered, directing that appellant be required to stand by its special pleas, or its notice under the general issue, which order recites that appellant elected to stand by its special pleas. The notice of special defense under the general issue was filed on June 19, 1900, and alleged, in substance, that the plaintiff, the present appellee, was not entitled to maintain its action for the reason that it did, on December 30, 1895, make, execute and deliver to Charles E. Payne its deed of assignment under the terms of the Assignment act; that Payne was discharged, as such assignee, on February 27, 1900; that, by reason of the assignment, the cause of action became vested in Payne as assignee, and that the cause of action could not be maintained by the Farson & Libbey Company.

The Farson & Libbey Company was engaged in the planing mill business, and the appellant was a general contractor. Appellant bought material used in the construction of different buildings from appellee.

The following contract was entered into between appellee and appellant:

"*Sept. 17, 1895.*

"*Congress Construction Co., 112-114 Dearborn St., City:*

"GENTLEMEN:—We will furnish the interior mill work for Hope School at Forty-seventh and Hope avenue for the sum of eighteen hundred and sixty-five dollars ($1865.00). This bid does not include any outside frames, stairs, sash or wainscoting. All other interior finish figured as per plans, specifications and details.    Yours truly,    FARSON & LIBBEY CO.,
Per G. A. FERGUSON.
"Accepted this 17th day of September, 1895.
CONGRESS CONSTRUCTION CO.,
Per GUSTAVE EHRHARDT, Pres."

EDWIN F. ABBOTT, for appellant:

An action in assumpsit must be in the name of the party in whom the legal interest is vested. 15 Ency. of Pl. & Pr. 485; *Dix* v. *Insurance Co.* 22 Ill. 272; *Ingraham* v. *Luther*, 65 id. 446; *Larned* v. *Carpenter*, 65 id. 543.

The legal interest in a chose in action passes to the assignee under a general deed of assignment for the benefit of creditors. Hurd's Stat. chap. 10*a*, sec. 1; *Smith* v. *Goodman,* 149 Ill. 75; *Ryerson* v. *Smith,* 51 Ill. App. 270; *Low* v. *Matson,* 140 Ill. 108; *Freydendall* v. *Baldwin,* 103 id. 325; *Medina Temple Co.* v. *Currey,* 162 id. 441; *Turner* v. *State,* 1 Ohio St. 426.

Where the declaration affirmatively shows that the plaintiff has no right of action the defect is not cured by the verdict. *Coal Co.* v. *Long,* 91 Ill. 617.

If legal title is vested in another when suit is commenced, the plaintiff cannot afterward invest himself with the legal title so as to maintain the action. *Burnap* v. *Cook,* 32 Ill. 168.

As the legal interest to a chose in action passes to the assignee under a general deed of assignment, it follows, that if the person holding the legal interest must bring the suit this action cannot be maintained by the plaintiffs, who have disposed of their legal interest, as the record affirmatively shows.

PARKER & PAIN, for appellee:

A chose in action is not assignable, either at common law or under the statutes of this State, so as to vest the legal title in the assignee. *Reeve* v. *Smith,* 113 Ill. 47.

The legal title to a chose in action is not vested in the assignee by section 1 of the Assignment act, nor is the legal title to a promissory note vested in him by that act. *Chickering* v. *Raymond,* 15 Ill. 363; *Packer* v. *Roberts,* 140 id. 9.

The assignee of a chose in action is not deprived of any right which he had at common law, by a statutory provision authorizing him to continue an action in his own name on the death of the nominal plaintiff. *Phillips* v. *Wilson,* 25 Ill. App. 427.

Where statutes permit the assignee of a chose in action to sue in his own name, or circumstances exist which

will justify a resort to such mode of procedure, the assignee will not thereby be precluded from suing in the name of the person originally possessed of the right. 7 Ency. of Pl. & Pr. 734; *Sisson* v. *Railroad Co.* 14 Mich. 489; *Mims* v. *Swartz*, 37 Tex. 13.

If the legal title vested in the assignee, it ceased to be vested in him at the moment of his discharge.

If the legal title vested in the assignee and was not extinguished by his discharge, the substitution of the Farson & Libbey Company, for the use of William Wilson, as plaintiff, was invited error, and cannot be taken advantage of by appellant. 2 Ency. of Pl. & Pr. 519; *Greene* v. *Greene*, 145 Ill. 264; *Snyder* v. *Snyder*, 142 id. 60; *Ives* v. *McHard*, 103 id. 97; *Holcomb* v. *Davis*, 56 id. 413; *Jobbins* v. *Gary*, 34 Ill. App. 208.

Mr. CHIEF JUSTICE MAGRUDER delivered the opinion of the court:

This suit was originally commenced by Charles E. Payne, assignee of the Farson & Libbey Company, insolvent, against the appellant, the Congress Construction Company, to recover the amount due for work done and material furnished under the contract of September 17, 1895, set out in the statement preceding this opinion. After the filing of the plea of *puis darrein continuance*, set out in said statement, an amended declaration was filed, wherein the Farson & Libbey Company, appellee herein, for the use of William Wilson, was made plaintiff in the suit. The deed of assignment was made to Charles E. Payne on December 30, 1895, and he, as assignee, commenced this suit on October 7, 1898. It is quite clear that he, as assignee of the Farson & Libbey Company, was the proper person to bring the suit to recover what was due from appellant upon the contract, made before the execution of the assignment, and which contract had been substantially performed on the part of the present appellee when the deed of assignment was made.

The pleadings and proof show, and the amended declaration alleges, that, after the suit was so commenced by Payne as assignee, to-wit, on February 10, 1900, an order was entered by the county court, directing Payne, as assignee, to sell to William Wilson all the uncollected accounts and bills receivable of the Farson & Libbey Company, insolvent, belonging to said estate, upon the payment of the sum bid by Wilson, which was the highest bid received on that day in open court for such uncollected accounts and bills receivable. Thereupon, on February 27, 1900, or March 6, 1900, Payne was discharged as assignee, and the estate of the Farson & Libbey Company was closed and settled.

The theory of the appellee is that the amendment to the declaration, which made the Farson & Libbey Company suing for the use of William Wilson, plaintiff, in place of Charles E. Payne, assignee, who had theretofore been plaintiff, was proper in view of the discharge of the assignee, and the closing up and settlement of the estate, and the sale of the uncollected accounts and bills receivable, as above set forth.

Really the only question in the case, urged upon our attention by counsel for appellant, is the right of the trial court to allow the amendment, which was thus made by substituting the Farson & Libbey Company suing for the use of William Wilson as plaintiff, in the place of the former plaintiff, Charles E. Payne, assignee of the Farson & Libbey Company, insolvent.

Section 23 of the Practice act of this State, and section 1 of the act in regard to amendments and jeofails are liberal statutory provisions, and this court has held in a number of cases that, under such statutory provisions, amendments may be allowed even to the extent of changing the name of the plaintiff in the action. (1 Starr & Curt. Ann. Stat.—2d ed.—p. 375; 3 Starr & Curt. Ann. Stat.—2d ed.—p. 3000; *Milwaukee Mechanics' Ins. Co.* v. *Schallman,* 188 Ill. 213).

In *Teutonia Life Ins. Co.* v. *Mueller*, 77 Ill. 23, where the suit was originally brought by an administrator upon a policy of insurance, the declaration was amended by substituting the widow and heirs of the deceased in the place of the administrator as plaintiffs, and, under the provisions in regard to amendments above referred to, it was held that the amendment was proper, and was allowable. In that case we said: "Under the liberal provisions of this statute, any amendment in civil actions, either in form or substance, is permissible, that tends to the furtherance of justice. The amendment allowed in this case was simply to substitute the real parties in interest as plaintiffs. Clearly this was within the discretion of the court, to enable the parties to sustain the action for the claim for which it was intended to be brought."

In *Chandler* v. *Frost*, 88 Ill. 559, the suit was originally brought in the name of "George Chandler, receiver of the Lamar Insurance Company," and, by amendment to the declaration, the cause stood in the name of "The Lamar Insurance Company," as plaintiff, instead of that of George Chandler, receiver, and it was there held that the name of the plaintiff might be thus changed under the present Practice act.

In *McDowell* v. *Town*, 90 Ill. 359, the suit was originally brought in the name of Daniel and Asher Townsend for the use of Warren and Zera Town, and by amendment the names of the Townsends as plaintiffs were struck out, and the suit was permitted to progress in the names of Warren and Zera Town as plaintiffs. In the latter case the twenty-third section of the Practice act was quoted, and we there said: "These provisions are broad and comprehensive, and were, no doubt, adopted to obviate the hardship that was experienced from the earlier decisions of this court, refusing to allow such amendments. The decisions referred to by appellant cannot control this case, as by this enactment the General Assembly have changed the law to wipe out all such mere technical objections,

and to require justice to be administered on a broader basis.  *  *  *  The amendment in this case clearly falls within the provisions of the section, and the court committed no error in allowing it."

It is contended by the appellant, that the legal interest in a chose in action passes to the assignee under a general deed of assignment for the benefit of creditors. Section 1 of the act in regard to voluntary assignments, after providing that the debtor shall annex to the assignment an inventory of his or her estate, real and personal, provides that "such inventory shall not be conclusive as to the amount of the debtor's estate, but such assignment shall vest in the assignee or assignees the title to any other property, not exempt by law, belonging to the debtor or debtors at the time of making the assignment and comprehended within the general terms of the same."

Section 11 of the act in regard to voluntary assignments provides that "any assignee or assignees, as aforesaid, shall have as full power and authority to dispose of all estate, real and personal assigned, as the debtor or debtors had at the time of the assignment, and to sue for and recover in the name of such assignee or assignees everything belonging or appertaining to said estate, real or personal, and generally to act and do whatsoever the said debtor or debtors might have done in the premises." (2 Starr & Curt. Ann. Stat.—2d ed.—pp. 2174 and 2188).

Under the provisions of the Voluntary Assignment act, as above quoted, Charles E. Payne, as assignee, was justified in bringing the original suit in this case in his name as assignee.  As he had a right to bring the suit in his name as assignee, it is unnecessary to discuss the question whether the absolute legal title to the chose in action, upon which this suit was brought, became vested in him as assignee, or not.  By virtue of the statute he had the right to sue for the amount due upon the chose in action in his own name.  The provisions, however, of

the Assignment act show that the assignee had thus the right to bring the suit in his own name by virtue of his office as assignee, and by virtue of the statutory provision authorizing him thus to bring the suit. Section 12 of the act provides that, where an assignee dies, the county court may appoint an assignee in the place of the one so dying, and the successor thus appointed shall possess all the powers of the deceased assignee. That section also provides that, in case of misconduct by an assignee, the county court may remove him, and appoint another in his stead, and the person so appointed, on giving bond, "shall have full power to execute such duties, and to demand, and sue for all estate in the hands of the person or persons removed, and to demand and recover the amount and value of all moneys and property or estate so wasted and misapplied," etc. (2 Starr & Curt. Ann. Stat.—2d ed.—p. 2189, 2190). The fact, that, where an assignee dies or is removed, his successor may exercise the same power to sue, which the deceased or removed assignee had, indicates clearly that the intention of the act was to confer the power to sue upon the official, holding the office of assignee. This idea is further emphasized by the terms of section 15 of the Assignment act, which provides that, where proceedings are discontinued upon the assent, in writing, of the debtor and a majority of his creditors in number and amount, "all parties shall be remitted to the same rights and duties existing at the date of the assignment, except so far as such estate shall have already been administered and disposed of," etc.

In the present case, Charles E. Payne, the assignee who brought this suit, was, during the pendency of the suit, discharged from his office as assignee, and the estate was closed and settled. The office of assignee, as held by him and as conferred upon him by the statute, came to an end when he was discharged, and when the estate was settled and closed. It would seem to follow, therefore, as a necessary consequence, that, when he

ceased to be assignee, his right to prosecute the suit was terminated. If the power to sue is an incident of the office, such power is ended when the office is abolished.

The question then arises, in whom was the right to sue vested after the discharge of Payne, as assignee. On February 10, 1900, under an order of the county court, he had sold out all the accounts and bills receivable, belonging to the estate of the Farson & Libbey Company, to William Wilson. It cannot be said that the right to prosecute the suit in the name of the assignee passed to Wilson, the purchaser of the accounts and choses in action, including the claim involved in this suit. The right of the assignee to sue, having ended when he was discharged, could not be transferred by him to the purchaser of the accounts, or to any third person. The Assignment act, however, authorizes the assignee to make sale of all the property, belonging to the insolvent debtor, and, therefore, Payne had a right to sell this claim to William Wilson, and William Wilson had a right to purchase the same. If this be so, then Wilson must have a remedy under the law for the enforcement of the claim thus sold to him. He could not enforce it in his own name.

It is settled law, that a chose in action cannot be so transferred, as to vest the legal interest in the assignee. The beneficial interest only passes by the assignment. The assignee, however, has the right to enforce its collection for his own benefit, and for that purpose to use the name of the party, possessing the naked legal interest. (*McJilton* v. *Love,* 13 Ill. 486; *Reeve* v. *Smith,* 113 id. 47). By the sale from the assignee to Wilson the latter took only the beneficial interest in the claim, and the legal interest did not vest in him. The suit, therefore, could not be prosecuted in the name of Wilson, and inasmuch as the right of the assignee to prosecute the suit did not pass by the sale to Wilson, then the right to prosecute the suit in the name of the Farson & Libbey Company must have been vested in Wilson, as the bene-

ficial owner of the claim. When the assignee sold the claim to Wilson, he sold to him all the interest therein of the original owner of the claim, the Farson & Libbey Company, and one of the incidents of that ownership was the right of the transferee to use the name of the original owner in the prosecution of the claim. Under the Assignment act, when the assignee makes a sale in accordance with the provisions of section 11, he has as full power and authority to dispose of the estate, real and personal, as the debtor had at the time of the assignment. The debtor at the time of the assignment had the right to transfer the claim, and with it, to transfer the right to use the name of the debtor in the prosecution of the suit. It necessarily follows that, when the declaration was amended, it was proper so to amend it as to allow its further prosecution in the name of the Farson & Libbey Company for the use of William Wilson.

The conclusion thus announced finds support in the doctrine that, "where statutes merely permit the assignee to sue in his own name, or circumstances exist which will justify a resort to such mode of procedure, the assignee will not thereby be precluded from suing in the name of the person originally possessed of the right." (7 Ency. of Pl. & Pr. p. 734; *Sisson* v. *Cleveland and Toledo Railroad Co.* 14 Mich. 489; *Mims* v. *Swartz,* 37 Tex. 13). The fact that, under the Assignment act, the assignee could bring this suit in his own name, did not preclude him from suing in the name of the Farson & Libbey Company, if he had so chosen. Nor did the sale to Wilson preclude the latter from suing in the name of the Farson & Libbey Company. Counsel for appellant insists most strenuously, that the discharge of the assignee did not re-invest the assignor with the legal title that had passed from it. Whether or not the right to sue in his own name, conferred upon the assignee by the Assignment act, involves a vesting in the assignee of the technical legal title, is a question that is immaterial for the purposes of this case.

The right so to bring suit exists solely by virtue of the statutory provisions of the Assignment act, and when the office of assignee ends by his discharge and by the settlement of the estate, the right of suit for the protection of a purchaser from the assignee must have become re-invested in the original debtor, if it ever passed entirely out of him.  Such is the natural and legitimate interpretation of the Assignment act viewed as a whole. It does not appear from this record whether there was a discontinuance of the assignment proceedings in accordance with the terms of section 15, or whether independently of section 15, there was a winding up of the estate, and a discharge of the assignee, without the assent of the debtor and of the creditors, as provided in section 15. The fact that, upon the discontinuance provided for in section 15, all parties are remitted to the same rights and duties as existed at the date of the assignment, indicates that the right of the debtor to lend the use of his name to the purchaser of an assigned claim for the purpose of prosecuting a suit upon the same, exists after the winding up of the assignment the same as it did at the date of the assignment.

For the reasons above stated, we are of the opinion that the court below committed no error in allowing the amended declaration to be filed.

Whether or not the material, furnished by the Farson & Libbey Company under the contract in question, was such as was called for by the specifications, and whether or not there was a substantial compliance with the contract, are all questions of fact.   These questions of fact were submitted to the jury, and, while the evidence is conflicting, it tends to show a substantial compliance with the contract on the part of the appellee.

There is no substantial error in the record, and accordingly, the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*