## TYLER ET AL. *v.* DAVIS.

[No. 5,092. Filed June 30, 1905. Rehearing denied October 10, 1905. Appeal to Supreme Court dismissed April 6, 1906.]

1. PROCESS.—*Service by Leaving Copy.*—*Special Appearance.*—*Motion to Quash.*—A sheriff's return showing that summons was served upon defendant by leaving a certified copy thereof at defendant's last and legal place of residence, in the absence of fraud, is conclusive against a collateral attack.   p. 566.

2. APPEAL AND ERROR.—*Summons.*—*Return.*—*Motion to Quash.*—*Who Can Take Advantage of.*—The overruling of a motion to quash the return of the sheriff to the summons, by a party upon special appearance, can not be questioned on appeal by other parties who failed to question the service upon them. p. 566.

3. GAMING. — *Action to Recover Money Lost.* — *Parties.* — The wife of the person losing money at gambling is not a necessary nor proper relatrix in an action by the State to recover such money.   p. 566.

4. SAME. — *Money Lost.* — *Beneficiary.* — *Husband and Wife.* — *Judgment.*—The wife is the exclusive beneficiary of a judgment recovered by the State for money lost by her husband at gambling.   p. 566.

5. SAME.—*Enforcement of Judgment for Money Lost.*—*Parties.*—*Husband and Wife.*—The wife is the proper plaintiff to sue for the enforcement of a judgment recovered by the State for money lost by her husband at gambling.   p. 567.

6. PLEADING.—*Making New Parties.*—*Amendments.*—Under §273 Burns 1901, §272 R. S. 1881, the court has power to permit others, who may be interested, to be made parties to an action by proper amendment.   p. 567.

7. SAME.—*Substitution of Plaintiffs.*—*Amendments.*—*Gaming.*—It is proper for the trial court to permit the wife, who is the beneficiary of a judgment recovered by the State in an action to recover her husband's money lost at gambling, to be substituted as plaintiff instead of the State in a suit for the enforcement of such judgment, such amendment making no change in the issues.   p. 568.

8. EVIDENCE.—*Judgment for State.*—*Gaming.*—*Action by Wife.*—*Variance.*—A judgment in favor of the State in an action to recover money lost by a husband at gambling is competent evidence to sustain a suit by the wife for the enforcement, in her behalf, of such judgment.   p. 569.

9.   TRIAL.—*Special Findings.—Evidentiary Facts.—Appeal and Error.*—Where the special finding of facts contains the facts material to the issue mingled with others immaterial or evidentiary, the judgment will not be disturbed on appeal where the material facts found support such judgment.   p. 569.

10.   SAME.—*Special Findings.—Inferences.*—Trial courts are permitted to draw reasonable inferences from facts proved, and special findings embodying facts so inferred are legally sustained by the evidence.   p. 569.

11.   SAME.—*Special Findings.—Motions to Make Additional.— New Trial.*—Motions that the trial court make additional special findings are not recognized by the Indiana procedure, the remedy being a motion for a new trial.   p. 570.

12.   SAME. — *Conclusions of Law. — Gaming. — Judgment for State. — Collection by Wife.* — Conclusions of law, in a suit by the wife for the enforcement in her favor of a judgment in favor of the State in an action by the State to recover her husband's money lost at gambling, that there is due the wife the amount evidenced by such judgment, is correct.   p. 570.

13.   APPEAL AND ERROR.—*Weighing Evidence.*—The Appellate Court will not weigh conflicting oral evidence.   p. 571.

14.   SAME.—*Briefs.—Failure to Cite Pages of Transcript.*—The failure of appellants in their brief to cite the pages of the transcript where the objectionable evidence may be found is a waiver of any questions thereon.   p. 571.

15.   NEW TRIAL.—*Evidence.—Disclaimer.*—A defendant refusing to file a disclaimer and filing an affirmative answer can not complain on appeal that the evidence was insufficient to sustain a judgment against him when there was some evidence to support such judgment.   p. 572.

16.   FRAUDULENT CONVEYANCES.—*Consideration.—Gaming.—Evidence.* — A conveyance, without consideration, made to the grantor's sister for the purpose of preventing a husband who had lost his money to such grantor at gambling from recovering same, is fraudulent as to the wife who is the beneficiary of a judgment in an action by the State for the recovery thereof. p. 572.

From Greene Circuit Court; *Orion B. Harris,* Judge.

Suit by Annie V. Davis against Dallas Tyler and others. From a decree for plaintiff, defendants appeal.   (On appeal to Supreme Court, see 166 Ind. 366.)   *Affirmed.*

*W. R. Gardiner, C. S. Gardiner* and *T. D. Slimp,* for appellants.

*C. K. Tharp* and *Ogden & Inman,* for appellee.

COMSTOCK, J.—October 4, 1901, a suit was instituted in the name of the State of Indiana by the prosecuting attorney at the instance of Annie V. Davis, as the wife of Richard C. Davis, in the Daviess Circuit Court, against Matthew Kelly and Dallas Tyler, to recover from the defendants the sum of $10,000, alleged to have been lost by said Richard C. Davis to the defendants in gambling, and for which said Davis had failed for six months to sue. The venue of the cause was changed to the Knox Circuit Court, where it was tried February 27, 1902, and a judgment rendered against Kelly and Tyler for $9,000 in favor of the State of Indiana.

Afterwards an action was commenced in the Daviess Circuit Court, in the name of the State of Indiana, against appellants and Philip Meeh, to set aside a certain deed made by Tyler to his sister, and subject the property conveyed thereby to the payment of the $9,000 judgment. Meeh filed a disclaimer, and on the application of the appellant Alwilda Tyler Graves the venue of the cause was changed to the Greene Circuit Court. The Greene Circuit Court sustained the demurrers to the complaint, whereupon on her petition the appellee was substituted as plaintiff instead of the State of Indiana, and she filed her complaint in this action, from which Philip Meeh was dropped as defendant.

The complaint was in one paragraph. After reciting the substitution of the plaintiff instead of the State of Indiana it shows that during the months of June and July, 1900, but prior to July 21, Richard C. Davis lost to the defendants Dallas Tyler and Matthew Kelly, at gambling by betting and wagering money on games of dice known as "craps," the sum of $9,000, all of which said Tyler took and received from said Davis, and has ever since kept, appropriated and converted to his own use, and refused and failed to refund, repay or return any part thereof to said Davis or any other person whatsoever; that

at the time said Davis so lost said money he was, and ever since has been, a married man, with a wife and three children, all of whom live with and constitute the family of said Davis, at the city of Washington, Daviess county, Indiana; that the wife of said Davis was and is this plaintiff, Annie V. Davis; that after said Davis so lost said money to said Tyler he did not within six months thereafter, or at any other time, sue for the recovery of said money, or any part thereof, but failed to bring or prosecute any suit for the recovery of said money, and no part of the same was recovered by said Richard C. Davis; that after the expiration of six months from the time of losing said money this plaintiff, as wife of said Richard C. Davis, duly filed with J. Alvin Padgett, prosecuting attorney within and for Daviess county, Indiana, an information setting forth all the facts touching said games and the loss of said money by said Richard C. Davis; that said prosecuting attorney and counsel employed by this plaintiff caused a suit to be brought and filed in the Daviess Circuit Court against said Tyler and Kelly in the name of the State of Indiana, to recover said money for the use and benefit of this plaintiff, Annie V. Davis; that thereafter, to wit, on the — day of January, 1902, on the application of said Tyler and Kelly, the venue of said cause was changed to Knox county, Indiana; that during the January term, 1902, of said Knox Circuit Court, said cause was put at issue and duly tried, and on February 27, 1902, a judgment of said Knox Circuit Court was rendered on the verdict of the jury in said cause for $9,000 jointly against Dallas Tyler and Matthew Kelly and in favor of the plaintiff in said cause, the State of Indiana; that said judgment still remains in full force and effect and unappealed from and unpaid; that there was also judgment rendered against said defendants for $100.95 cost in said cause. And said plaintiff further says that at the time said Tyler so won said money as aforesaid and long prior thereto he was the

owner in fee simple of the following real estate in the city of Washington, Daviess county, Indiana: [Describing it]. That by a certain instrument, purporting to be a deed of conveyance dated June 4, 1900, but not admitted to record in the deed records of said Daviess county until July 23, 1900, said Dallas Tyler pretended to convey to the defendant Alwilda Tyler Graves, who was a sister of said Dallas, all of said real estate for the stated consideration of $1 and love and affection. Plaintiff says that said pretended deed is fraudulent and void as to this plaintiff and as to said judgment so rendered against said Dallas Tyler and Matthew Kelly in favor of the State of Indiana for her benefit for the following reasons, to wit:

(1) There was no consideration whatever for the conveyance of said real estate to said Alwilda.

(2) Said deed was pretended to be made on June 4, 1900, just prior to the time said Tyler won as aforesaid said money from said Richard C. Davis for which said judgment was rendered, but was not delivered to said Alwilda and placed on record in said county until after said Tyler had won said money as aforesaid, and was prepared and signed by said Tyler solely in anticipation of winning said money from said Davis, and to prevent said real estate from being subjected to the payment of any judgment which might thereafter be rendered against him for the recovery of said money or any part thereof.

(3) Said pretended deed and conveyance by said Dallas to Alwilda was meant and intended by them to be and constitute a charge, trust and limitation of the use in and to said real estate in favor of said Dallas Tyler made and created with intent to cheat and defraud the plaintiff Annie V. Davis, who is beneficiary of said judgment as rendered in the name of the State of Indiana against said Tyler and Kelly, and for whose use and benefit said suit was prosecuted and said judgment was rendered.

(4) Said pretended deed was a deed of gift and conveyance from said Dallas Tyler to said Alwilda Tyler Graves made by said Dallas to said Alwilda to be held in trust by her for the use and benefit of said Dallas and received by her to be held in trust for said Dallas Tyler.

(5) Said pretended deed of conveyance from said Dallas Tyler to said Alwilda Tyler Graves was made by him and received and suffered to be received by her with intent to hinder, defraud and delay the plaintiff in the collection of said judgment so rendered against said Tyler as aforesaid. Plaintiff further avers that at the time and subsequent to the time said Tyler so incurred said liabilities for which said judgment was rendered as aforesaid against him and said Kelly, he, said Tyler, was the owner of a large amount of personal property, to wit: $12,000 in cash of the lawful money of the United States; that in order further to carry out, consummate and complete his fraudulent purpose, scheme and intention to shield, secrete and protect said cash and his property from being subjected to the liabilities which he had incurred by reason of his illegal and unlawful acts as aforesaid, and further to cheat, hinder, delay and defraud the plaintiff out of her just and lawful claims and demands against him on account of his illegal and unlawful acts as aforesaid, said Tyler placed and secreted $9,000 of said cash in a safety vault of a banking house at Seymour, Indiana, and other places, all unknown to plaintiff, and loaned $3,000 of said $12,000 to good and solvent residents of Jackson county, Indiana, and took notes as evidence of said loans in three promissory notes, and, for the fraudulent purpose of concealing same and further to cheat, hinder and defraud the plaintiff, made said promissory notes payable to said Alwilda Tyler Graves; that no part of said sums so loaned in the name of said Alwilda belonged to her, but said Dallas made said loans in her name, and she suffered and permitted him to use her name

as payee in said notes and to receive and hold same all in order to aid and assist said Dallas to cover up and conceal said money, and to cheat, hinder and defraud the plaintiff out of her just and lawful claims and demands, and said judgment so rendered as aforesaid, and with the secret purpose and intent to secrete and hold same in trust for said Dallas Tyler; that on the day of the rendition of said judgment against said Tyler and Kelly, to wit, February 27, 1902, but before the jury returned the verdict in said cause, and before the court rendered its judgment in said cause against said Tyler and Kelly for said $9,000, said Tyler secretly, clandestinely and without the knowledge of plaintiff took all the cash he then had, to wit, said $9,000, and fled from the State of Indiana with same, and has ever after kept the same beyond the jurisdiction of the courts of Indiana; that immediately after the rendition of said judgment, in order to keep plaintiff from seizing and subjecting said $3,000 which he had loaned in the name of Alwilda Tyler Graves to the partial satisfaction of said judgment, and further to cheat, hinder and defraud the plaintiff, said Dallas Tyler procured the parties to whom he had loaned the same, by a liberal discount, to repay the same to said Alwilda long before said notes were due, and said Alwilda, for the purpose of aiding and assisting said Dallas to hinder, delay and defraud the plaintiff, received for said Dallas said $3,000, and as plaintiff is now advised, and so avers, said Alwilda and her husband, the defendant George Graves, are now holding in secret, and in trust for said Dallas, said $3,000 so paid on said notes, in order to keep plaintiff from discovering the same and subjecting it to the satisfaction of said judgment; that they aided said Dallas in collecting said $3,000, and are aiding him to transfer same beyond the jurisdiction of the State of Indiana—all for the purpose of cheating, hindering and delaying this plaintiff from collecting her just and lawful demands, and said judgment from said Dallas Tyler.

Plaintiff further says she is the sole and only beneficiary of said judgment, and sole and exclusive owner of same; that the action in which said judgment was rendered was brought and filed in the name of the State of Indiana for her sole and only benefit, and she is prosecuting this action in her name in lieu and instead of the State of Indiana for the enforcement of said judgment so rendered in the name of the State of Indiana for her use and benefit; that beside said real estate and said cash and the cash de- rived from the collection of said $3,000 notes said Tyler is the owner of no other property subject to execution in the State of Indiana, and was not and never has been the owner of any other property subject to execution in the State of Indiana since the day of the rendition of said judgment, and has not been the owner of any property since the delivery and recording of said deed to said Alwilda Tyler Graves subject to execution within the State of Indiana except said real estate and said cash and notes, all of which, before the rendition of said judgment, he disposed of as aforesaid, leaving nothing whatever subject to execution within the State of Indiana, out of which said judgment or any part of it can be made; that said Matthew Kelly is hopelessly and notoriously insolvent.

And plaintiff further says that immediately after the rendition of said judgment, to wit, on March 1, 1902, she caused execution to be issued by the clerk of the Knox Circuit Court on said judgment directed to the sheriff of Knox county, said county being the county where said judgment was rendered, and at the same time an execution to be issued by said clerk on said judgment directed to the sheriff of Jackson county, in the State of Indiana, said county being the county where said Tyler at that time, and ever since has resided, and likewise an execution to be issued by said clerk on said judgment directed to the sheriff of Daviess county, where said Matthew Kelly then, and ever since has resided; that all of said executions as to said

Tyler have been returned by said sheriffs indorsed wholly unsatisfied, and said Tyler not found, and as to him no property found on which to levy same; that the execution directed to the sheriff of Daviess county was by him levied upon certain personal property belonging to said Kelly, and after due notice the same was by said sheriff sold, out of which there was realized the sum of $————, leaving a balance of $9,000 wholly due and unsatisfied on said judgment and execution; that on March 1, 1902, she caused a duly certified copy and transcript of said judgment rendered in the Knox Circuit Court to be duly filed in the office of the clerk of the Daviess Circuit Court, and to be duly recorded in the order-books of said court, and said judgment then and now still remains a valid and subsisting lien on and against all of said real estate; that said instrument purporting to be a deed from said Dallas Tyler to said Alwilda Tyler Graves is fraudulent and void as against the plaintiff and said judgment, and prevents the plaintiff from enforcing the payment of said judgment or any part thereof; that said real estate, hereinbefore described, is of the full value of $7,000; that it will require all of same and said $3,000 so paid to and held by said Alwilda fully to pay and satisfy said judgment, interest and cost; that said George Graves is husband of said Alwilda.

Wherefore plaintiff prays judgment and decree against said Dallas Tyler, Alwilda Tyler Graves and George Graves, declaring said deed from Dallas Tyler to Alwilda Tyler Graves fraudulent and void as to the plaintiff and said judgment, and that the same be set aside and held for naught; that said judgment be declared a valid and subsisting lien on and against all of said real estate superior and paramount to the interest and title of said Alwilda Tyler Graves and George Graves and said Dallas Tyler; that said Alwilda and George Graves, and each of them, be required to answer under oath as to said $3,000, and required to discover same and pay same over to the clerk

of this court for the use and benefit of this plaintiff, and finally for all just and proper relief in the premises.

Appellant's first proposition is that the court erred in overruling the motion of Dallas Tyler made on his special appearance to quash the summons and the return 1. issued against him. The evidence shows that when the summons was served Tyler was, and had been for seventeen years, a resident of Seymour. The return of the sheriff of Jackson county shows service by leaving a true and certified copy at his last and legal place of residence. It is regular on its face, and in the absence of a charge of fraud is conclusive as against a collateral attack. *Cully* v. *Shirk* (1892), 131 Ind. 76, 31 Am. St. 414.

If there was error in failing to quash said summons it was harmless, so far as appellants are concerned. Alwilda Tyler Graves and her husband were duly served, 2. and they claimed that Alwilda Tyler Graves is the exclusive owner of the real estate in controversy; that Dallas Tyler is not interested in such estate. She has had her day in court.

It is claimed that the action having been instituted in the Daviess Circuit Court by the State of Indiana as sole plaintiff against the appellants and Philip 3. Meeh, and the venue having been changed to the Greene Circuit Court, it was error to substitute the appellee for the original plaintiff over the objection of the appellants and without the consent of the official representatives of the State. Annie V. Davis was not a proper or necessary party relatrix in the action by the State of Indiana to recover the money lost at gambling. *Ervin* v. *State, ex rel.* (1893), 150 Ind. 332.

While she was not a necessary party in the action to recover the money lost at gambling, yet when the State recovered such judgment, she, as the wife of the 4. loser of such money, became the exclusive beneficiary and owner of the judgment, and entitled

to all equitable and legal remedies to protect and enforce such judgment.

"Every action must be prosecuted in the name of the real party in interest, except as otherwise provided in the next section." §251 Burns 1901, §251 R. S. 1881.

5. The next section is as follows: "An executor, administrator, a trustee of an express trust, or a party expressly authorized by statute, may sue, without joining with him the person for whose benefit the action is prosecuted. A trustee of an express trust, within the meaning of this section, shall be construed to include a person with whom, or in whose name, a contract is made for the benefit of another." §252 Burns 1901, §252 R. S. 1881. Whoever is entitled to the benefits of a suit is the real party in interest, and should institute the suit. *Rawlings* v. *Fuller* (1869), 31 Ind. 255; *Smock* v. *Brush* (1878), 62 Ind. 156; *Board, etc.,* v. *Jameson* (1882), 86 Ind. 154; *Pixley* v. *Van Nostern* (1885), 100 Ind. 34.

Section 6678 Burns 1901, §4953 R. S. 1881, provides that the State of Indiana is the proper party to bring suit for money lost at gambling after the loser thereof fails for six months to sue for and recover such money. By the express provision of the statute if the loser of the money which the State sues for and recovers have a wife then she is made the sole beneficiary of such judgment; if such loser have no wife but have children then such children are made the beneficiaries; but if such loser have neither wife nor children then the common schools become the beneficiary. Under the statute, then, Annie V. Davis is the party designated as the sole beneficiary of such judgment, and the proper party to prosecute any proceedings.

Section 273 Burns 1901, §272 R. S. 1881, gives the court the right to determine any controversy between the parties before it when it can be done without preju-

6. dice to the rights of the others, or by saving their rights; but when a complete determination of the

controversy can not be had without the presence of other parties the court must cause them to be joined as proper parties. And when in an action for the recovery of real or personal property a person not a party to the action, but having an interest in the subject thereof, makes application to the court to be made a party, it may order him to be made a party by proper amendment. The right is recognized in the following decisions: *McCall* v. *Lee* (1887), 120 Ill. 261, 11 N. E. 522; *Brown* v. *Cody* (1888), 115 Ind. 484; *Pound* v. *Irwin* (1888), 113 Ind. 243; *Homer* v. *Barr Pumping Engine Co.* (1901), 180 Mass. 163, 61 N. E. 883; *Congress Construction Co.* v. *Farson & Libbey Co.* (1902), 199 Ill. 398, 65 N. E. 357; *State, ex rel.,* v. *Ludwig* (1900), 106 Wis. 226, 82 N. W. 158; *Hook* v. *Garfield Coal Co.* (1900), 112 Iowa 210, 83 N. W. 963; *Garcia* v. *United States* (1902), 37 Ct. Cl. 243; *Clough* v. *Thomas* (1876), 53 Ind. 24.

We think it may be held, upon the weight of the authorities that have been and the many others that might be cited, that upon the trial of a cause, when there is 7. no change in the issues, nor in the relief demanded, and there can be no change in the results reached, and when the court has acquired jurisdiction of the parties and of the subject-matter, there is then a discretion vested in the court on the subject of amendments and the substitution of parties so as fully to settle the question of proper parties and the rights of the parties before them. The original complaint which was filed in the name of the State of Indiana to set aside the Tyler deed, and the substituted complaint which was afterwards filed in the name of appellee, Annie V. Davis, are in substance the same. The same defense and the same evidence would have been available to appellants whether the suit was in the name of the State or in the name of Annie V. Davis. The conclusion would have been the same with either as plaintiff, and such

conclusion would be a bar to another action for the same cause. There was therefore no available error in the substitution.

Appellants contend that there was a fatal variance between the certified copy of the proceedings in the Daviess and Knox circuit courts in the case of the State of Indiana v. Tyler and Kelly and the complaint in the case at bar, in that the judgment in that case did not sustain the allegation that it was for the use and benefit of the appellee. It would have been improper for the judgment to have so stated. She was not a proper party in the suit to recover the money lost in gambling. *Ervin* v. *State, ex rel., supra.* We have considered this question in discussing the substitution of appellee for the State in said cause.

In their seventh point appellants insist that the special findings from one to thirty-seven, inclusive, are of immaterial, evidentiary facts, and not of ultimate facts; that the consideration of said facts and those in each of said findings confused the judgment of the court and prevented an impartial consideration of the facts material to the issues. The proposition is true as to some of the special findings, but we can not concede that they confused the court and prevented an impartial consideration of the facts material to the issue.

It is contended that special finding number thirty-five is not sustained by evidence, and is contrary to law, and that the ultimate facts stated therein are in irreconcilable conflict with the evidentiary facts material to the issue stated in the other findings. That finding is as follows: That said deed, dated June 4, 1900, by said Dallas Tyler to said Alwilda Tyler Graves, was and is a voluntary conveyance made by said Tyler to said Alwilda, and was made by him and received by her with the secret purpose and intent on the part of both that said Alwilda Tyler Graves should and would hold said real

estate therein described in trust for the use and benefit of Dallas Tyler. Courts may draw reasonable inferences from facts proved. We can not say that such facts are wholly unsupported by evidence, or are contrary to law, or are in irreconcilable conflict with evidentiary facts material to the issues stated in the other findings.

The appellants moved that the court add to and include in its special finding of facts special findings from one to nine, inclusive, and each of them, which appear in the record as numbered. The court refused. Appellants duly excepted. "It has been uniformly held by this court that motions to modify, strike out, or add to the special findings are not recognized by our code of procedure. Where any or all of the facts found are not sustained by the evidence, or are contrary to law, or where facts should have been found but were not, the proper remedy is a motion for a new trial." *Chicago, etc., R. Co.* v. *State, ex rel.* (1902), 159 Ind. 237.

Appellants excepted to conclusions of law from one to five, inclusive, and in rendering judgment thereon in favor of appellee. The conclusions stated: (1) That there was due from the defendant Dallas Tyler to the plaintiff, Annie V. Davis, on the judgment set forth in the plaintiff's complaint the sum of $8,716.84; '(2) that said judgment was rendered for the use and benefit of the plaintiff, Annie V. Davis, and that she is the sole and only owner of that judgment; (3) that the deed of conveyance dated June 4, 1900, from Dallas Tyler to Alwilda Tyler Graves, mentioned and set forth in the complaint, was and is a voluntary conveyance, without consideration, made by him and received by her in trust for Dallas Tyler; that under said conveyance said Alwilda took and now holds the real estate described in said deed in trust for said Dallas Tyler, and said deed is void as against the judgment set out in the complaint, and

as to the plaintiff's claim thereunder; (4) that the judgment set forth in the plaintiff's complaint, and plaintiff's claim thereunder, is a lien on the real estate mentioned in the complaint, except that part of said real estate described as being a part of lot one in Kinney's addition, superior and paramount to the title, claim and interest of the defendants, and either of the defendants, in and to said real estate; (5) that said deed prevents plaintiff from collecting the judgment set forth in her complaint and ought to be set aside, canceled and held for naught as against the judgment and the plaintiff's claim thereunder set out in the plaintiff's complaint, and said real estate, or so much thereof as may be necessary, subjected to sale for the satisfaction of said judgment and plaintiff's claim thereunder; that said real estate herein set out is the only property subject to execution owned by said Dallas Tyler in the State of Indiana. We find no error in these conclusions of law.

It is next contended that the judgment is not fairly supported by, and that the same is clearly against, the weight of the evidence. Appellants therefore ask 13. this court to weigh the same under section eight of the act of 1903 (Acts 1903, p. 338, §641h Burns 1905). The Supreme Court and this Court have recently held that appellate courts will not weigh the evidence under said act. *Hudelson* v. *Hudelson* (1905), 164 Ind. 694; *United States, etc., Paper Co.* v. *Moore* (1905), 35 Ind. App. 684.

In point fourteen it is claimed that none of the items of evidence and testimony referred to in the fifth reason for a new trial and numbered from one to twenty, inclu- 14. sive, and those numbered twenty-five, thirty-six, thirty-seven, thirty-eight and thirty-nine tended to sustain any material issue in the case, and that the court erred in admitting them and each of them. Appellant's brief does not give the page of the record showing these

alleged errors. The record is voluminous, containing over seven hundred pages. The same is true of point fifteen, which is to the effect that the items of evidence and testimony referred to in the fifth reason for a new trial and numbered twenty-one to thirty-five, inclusive, except twenty-five, that were offered in evidence by the appellants, were competent and material on their behalf, and on behalf of each of them, in their defenses and tended to rebut the evidence presented by appellee and sustain the issues on their behalf. As to both of these points rule twenty-two of the Supreme Court is disregarded, and it will be presumed that appellants did not expect them to be considered.

The sufficiency of the evidence to sustain the findings and judgment of the court is questioned. It is claimed that the special finding of facts does not justify a judgment against George Graves. He appeared to the complaint and answered by general denial and by affirmative answer. If he were without interest in the proceeding he should have filed a disclaimer, but the evidence discloses that he was not wholly without pecuniary interest.

In the rulings on the pleadings we find no reversible error. Upon the merits of the case it can be fairly said appellant Tyler, in a manner contrary to law, obtained from the husband of appellee a large sum of money, and converted it to his own use. By the folly of Davis his wife is made to suffer in mind and in bodily comfort. The sister of Tyler, in being made the grantee of her brother, is the beneficiary of her brother's wrongful acts. That both of these women interested in this case are innocent of wrongdoing we may well believe. Fraud is a question of fact. The number of its badges is almost without limit. It may be proved by circumstantial or direct evidence. Circumstances, apparently trivial in themselves when considered singly, may, when taken in

connection with others, fix the fraudulent character of a transaction. The parties between whom a transaction takes place often give point to conduct which otherwise would be free from suspicion. And so where fraud is charged it is a question peculiarly within the province of the trial court or jury. The trial court has specially found that no consideration passed to said Dallas Tyler for the conveyance of the property in question; that said conveyance was made by him and received by his sister with the purpose and intent on the part of both of them that said Alwilda should and would take and hold said real estate therein described in trust for the use and benefit of said Dallas; and that the deed to his sister was wholly voluntary. To indicate the various facts and circumstances set out in the evidence from which a fraudulent purpose might be inferred, or that the conveyance of the real estate was without consideration, and was to be held in trust for the use and benefit of Tyler by his sister, would be to extend the length of this opinion without a corresponding advantage.

We find no error for which the judgment should be reversed. Judgment affirmed.