### RAWLINGS *v.* FULLER.

PARTIES.—*Plaintiff.*—*Agent.*—One who contracts merely as the agent of another, and has no personal interest in the contract, is not the trustee of an express trust within the meaning of the statute, and cannot, under the code, sue on such contract in his own name. (Code, secs. 3, 4.)

APPEAL from the Clark Common Pleas.

This was a suit by Benjamin P. Fuller against the appellant, Mary E. Rawlings.

The complaint contained two paragraphs. The first par-

agraph is for the recovery of real estate, and damages for use and occupation, based on a written contract, which is made a part of the paragraph, and is as follows:—

"Articles of agreement between Benj. P. Fuller, and M. Rawlings. I, Benj. P. Fuller, agent for Sarah Floyd's heirs' property, to wit, of a brick house standing on ten feet off east side of lot No. 9, and on thirty-one feet off west side of lot No. 10, in the city of Jeffersonville, in Clark county, Indiana, do agree to rent said house and parts of lots to M. Rawlings, for the sum of sixteen and sixty-six and two-thirds, payable on the first day of every month, commencing on the 6th day of May, 1864; and the failure on the part of M. Rawlings to pay sixteen dollars and sixty-six and two-thirds cents on the first day of every month in advance, then it is hereby agreed between Benjamin P. Fuller, landlord, and M. Rawlings, tenant, that the above contract is at an end between said parties, and Benj. P. Fuller shall be entitled to take possession of said property, whenever demanded. May 12th, 1864."

It is averred in this paragraph, that on the 6th day of November, 1867, the rent of the three preceding months was past due, and the rent of the succeeding month became due, making together the sum of sixty-six dollars and sixty-six and two-thirds cents, whereof the defendant had notice, but failed to pay the same, or any part thereof; that on the 15th day of November, 1867, the plaintiff served written notice on the defendant to quit the possession of said premises at the expiration of ten days after the service of said notice, unless the rent so due and in arrears should be paid; that the defendant refused to pay the rent, or quit the possession of the property. Prayer for judgment for the possession of the property, and for one hundred dollars in damages.

The second paragraph is for the recovery of one hundred dollars for the rent of the same property and under the same agreement, copied above.

A demurrer was filed to the complaint for a defect of

parties plaintiffs; and to each paragraph thereof, for the want of sufficient facts to constitute a cause of action.

The demurrers were overruled, and the rulings excepted to.

The appellant then filed an answer in two paragraphs; the first being the general denial. A demurrer was sustained to the second. Trial by the court, resulting in a finding on the first paragraph of the complaint, that the plaintiff was entitled to recover the possession of the premises described in the complaint, and for thirty-nine dollars and forty-three cents damages; and on the second paragraph there was a finding for the plaintiff in the sum of seventy-seven dollars and twenty cents.

The court overruled a motion for a new trial, interposed by the appellant, and rendered judgment on the finding.

ELLIOTT, C. J.—The material question in the case arises on the ruling of the court below in overruling the demurrers to the complaint.

The objection urged to the complaint by the appellant is, that it does not show a right of action in Fuller.

The third section of the code declares, that "every action must be prosecuted in the name of the real party in interest, except as otherwise provided in the next section." The provision of the next section is as follows: "An executor, administrator, a trustee of an express trust, or a person expressly authorized by statute, may sue without joining with him the person for whose benefit the action is prosecuted. A trustee of an express trust, within the meaning of this section, shall be construed to include a person with whom, or in whose name, a contract is made for the benefit of another."

It will be observed, in this case, that neither paragraph of the complaint sets up or asserts any claim of title whatever in Fuller to the property. The contract, which is made a part of the complaint, is signed by the appellant only, and not by Fuller, and does not, in terms, contain a prom-

ise to pay the rent to him, though such a promise may, perhaps, be inferred from its language; but it declares, that on failure to pay the rent as stipulated, he shall be entitled to take possession of the property, on demand.

It describes him as the agent of the property, and expressly states that it belongs to the heirs of Sarah Floyd. We do not think the facts stated constitute Fuller the trustee of an express trust, within the meaning of the fourth section of the code; they only show, at most, that he was the agent of the owners, with authority to rent the property for them. They are the only parties in interest, and the action should have been prosecuted in their names. It does not appear, either by the agreement or the complaint, that Fuller had any personal interest whatever in the contract.

One who contracts merely as the agent of another, and has no personal interest in the contract, is not the trustee of an express trust within the meaning of the statute, and cannot, under the code, sue on such contract in his own name. See *Minturn* v. *Main*, 3 Seld. 220; *Grinnell* v. *Schmidt*, 2 Sandf. 706.

Judgment reversed, with costs, and the cause remanded, with directions to the court below to sustain the demurrer to the complaint.

*J. G. Howard, J. F. Read,* and *J. W. Ray,* for appellant. *G. V. Howk,* for appellee.