TURNER ET AL. *v.* HENSHAW, RECEIVER.

[No. 12,557. Filed February 16, 1927. Rehearing denied July 1, 1927. Transfer denied December 7, 1927.]

1. RECEIVERS.—*Appointment of receiver for reciprocal automobile insurance exchange, not being a corporation or legal entity, was void.*—Since the Reciprocal Insurance Act (Acts 1919 p. 503, §§9308-9321 Burns 1926) contains no provision for the appointment of a receiver for an agency or exchange organized by the persons contracting for insurance under the reciprocal plan, and as such agency or exchange is not a corporation or legal entity, but merely the place where the subscribers exchange their contracts of indemnity through their attorney in fact, the act of a court in appointing a receiver for any such agency or exchange is wholly void. p. 574.

2. RECEIVERS.—*Receiver of corporation, appointed under equity powers of the court, can assert only the rights which the corporation could assert, except in case of fraud.*—A receiver for a corporation, appointed under the general powers of a court of equity, can assert only those rights which could have been asserted by the corporation and, on that basis only, can litigate for the benefit of the stockholders or the creditors, except where the corporation has been guilty of fraud against its creditors. p. 575.

3. INSURANCE.—*Attorney in fact for subscribers for reciprocal insurance cannot sue on note given as guaranty fund for benefit of subscribers.*—In the absence of a provision of the law or of the contract between the subscribers to reciprocal insurance and the attorney in fact designated by them pursuant to the law of another state similar to the Reciprocal Insurance Act of Indiana (Acts 1919 p. 503, §§9308-9321 Burns 1926), the attorney was not authorized to bring suit on a note constituting a guaranty fund for the benefit of such subscribers, as he was not the real party in interest nor the trustee of an express trust for such subscribers, and the action could only be maintained by and in the names of the subscribers themselves. p. 577.

4. INSURANCE.—*Note and mortgage constituting guaranty fund for subscribers for reciprocal insurance held by attorney in fact for the several benefit of the subscribers and not as the trustee of a joint fund for all subscribers.*—A note and the mortgage securing it, constituting a guaranty fund for the protection of the subscribers to reciprocal insurance, though assigned to the attorney in fact of such subscribers, were not held by him as the trustee of a joint fund of all the subscribers, but severally for the owners thereof and the other subscribers who become entitled thereto by the exchange of insurance contracts. p. 577.

5. TRUSTS.—Equity will not permit a trust to fail for want of a trustee, but a trustee will be appointed. p. 578.

6. INSURANCE.—*Subscribers for reciprocal insurance may sue to foreclose mortgage given for their protection although mortgage had been assigned to their attorney in fact.*—Where a note and mortgage securing it were executed for the protection of the subscribers to reciprocal insurance under the law of another state similar to the Reciprocal Insurance Act of Indiana (Acts 1919 p. 503, §§9308-9321 Burns 1926), any subscriber claiming the right to resort to the note and mortgage for payment of his and other losses could bring suit in the nature of a creditor's bill, on behalf of himself and all others similarly situated, to recover on the note and foreclose the mort-

gage although they had been assigned to the attorney in fact designated by the subscribers.    p. 578.

From Marion Superior Court (A 15,051) ; *Sidney S. Miller,* Judge.

Petition for authority to institute suit by Frederick R. Henshaw, Jr., receiver of the Hudson Motor Indemnity Exchange and Receiver of Hudson Underwriters, Incorporated, in which James N. Turner and another intervened.    From an order authorizing suit, the intervenors appeal.    *Reversed.*    By the court in banc.

*James W. Noel, Hubert Hickam, Robert D. Armstrong, Alan W. Boyd* and *Bruce & Bruce,* for appellants.

*Jackiel W. Joseph* and *William J. Henley,* for appellee.

REMY, J.—Proceeding by Frederick R. Henshaw, Jr., Receiver of the Hudson Motor Indemnity Exchange, being a petition for authority to institute suit against appellants on a note executed by appellant James N. Turner and to foreclose a real estate mortgage executed by appellants.    The court trying the cause found the facts specially and stated its conclusions of law thereon in favor of petitioner, but the order authorizing suit on the note did not specify as to whether the suit was to be instituted by Henshaw as receiver of the Hudson Motor Indemnity Exchange or as receiver of the Hudson Underwriters, Inc.; from the order, this appeal is prosecuted.    Exceptions to the conclusions of law and the court's ruling on appellants' motion for new trial present the questions for review.

The material facts as shown by the record are not in controversy.    On and prior to March 28, 1921, the Hudson Motor Indemnity Exchange was a reciprocal insurance exchange organized under the laws of the State of Illinois, with principal office in the city of Chicago; and

the Hudson Underwriters, Inc., a corporation organized under the laws of Illinois, was the attorney in fact for the subscribers for insurance at the Hudson Motor Indemnity Exchange. It being the desire of those in charge of the insurance enterprise to do an automobile insurance business in Indiana, it became necessary, under the laws of this state and the ruling of the Insurance Commissioner of Indiana, that a guaranty fund of not less than $25,000 in cash or approved securities be maintained; and in consideration that he be made chairman of the advisory committee of the Hudson Motor Indemnity Exchange at a stipulated salary payable monthly, the payments to continue "during the period the guaranty fund is advanced," and that he have the privilege of withdrawing the note at any time upon notice, appellant James N. Turner entered into an agreement with the Hudson Underwriters, Inc., that he would provide the guaranty fund. In fulfilment of this agreement, Turner executed his promissory note payable to Winfred A. Bryant, trustee, for $25,000, to secure which, he and his wife, appellant Cora B. Turner, executed a mortgage on valuable real estate in Lake county. The note and mortgage were assigned by Bryant to the Hudson Underwriters, Inc.; thereafter, on April 11, 1921, assigned by that corporation to the Hudson Motor Indemnity Exchange, and, with the approval of the Insurance Commissioner of Indiana, deposited in a certain safety deposit box in the city of Chicago, as the guaranty fund required, to protect the Indiana members of the exchange, following which, on April 15, 1921, the Hudson Motor Indemnity Exchange was licensed to do business in this state. When the note and mortgage were deposited in the safety deposit box, the key to the box was delivered to appellant James N. Turner. The Hudson Underwriters, Inc., was not only the attorney in fact for the Indiana members, but con-

tinued to act for those members residing in Illinois. The business did not prosper, and on April 6, 1922, on petition of the attorney-general, the Marion Superior Court appointed Henry Abrams receiver for the Hudson Motor Indemnity Exchange, and also for the Hudson Underwriters, Inc. Subsequently, Abrams having died, the court appointed Frederick R. Henshaw, Jr., as receiver. Later, claims having been filed with the receiver for the payment of which there were no funds, the receiver commenced this proceeding. Appellants appeared and filed their intervening petition, in which they set forth in detail the facts and circumstances surrounding the execution of the note and mortgage; that the note was given to be used as a guaranty to protect Indiana members of the exchange and for no other purpose, and that the note was no part of the general assets of the corporation acting as the attorney in fact, or of the exchange. It was further alleged that the "intervening petitioner James N. Turner hereby offers to pay, without recourse against said mortgage, such amount as finally may be determined by the court to be necessary to pay the liability of said defendants to the Indiana policy holders of said exchange," and asked that he be permitted to pay all claims of the Indiana subscribers without a foreclosure of the mortgage, such payment to constitute a full satisfaction of all liability on the note and mortgage, and that, upon payment of such claims, the court order the receiver to satisfy the mortgage of record. In addition to an answer in denial, the receiver filed a special answer to the intervening petition in the nature of estoppel, in which it was averred that, after they began doing business in Indiana, the Hudson Motor Indemnity Exchange and the Hudson Underwriters, Inc., represented to prospective subscribers for insurance that they owned the $25,000 mortgage note, and that it was available for the pay-

ment of all claims irrespective of the residence of the subscriber, and that, in reliance upon such representations, many subscribers, both in Indiana and Illinois, applied for and accepted insurance contracts; and it is further averred that claims of Illinois subscribers, aggregating more than $10,000, have been filed with the receiver, and remain unpaid.

On the trial, the evidence without conflict showed that all claims on insurance contracts issued to Indiana subscribers had been fully paid by appellant James N. Turner, and that the only claims on insurance contracts which have been filed with the receiver, and which remain unpaid, are claims on contracts held by residents of Illinois, which had been issued and exchanged in that state.

There is no provision in the Reciprocal Insurance Act (Acts 1919 p. 503, §§9308-9321 Burns 1926) for the appointment of a receiver in the event of insolvency or otherwise, and appellants earnestly contend that, under the facts of this case as affirmatively shown by the record, the general provisions of the Code for appointment of receivers (§245 Code of Civ. Proc., §1300 Burns 1926) have no application, and that the appointment of the receiver, either as the appointment for the Hudson Motor Indemnity Exchange or the Hudson Underwriters, Inc., is wholly void and of no effect; and that even if the appointment of receiver for the Hudson Underwriters, Inc., is valid, the decision of the court ordering receiver to sue on the note is without authority of law.

The scheme of insurance as provided for by the Reciprocal Insurance Act is unique. The act, as it applies to automobile insurance, provides that "Individuals, partnerships and corporations of this state, hereby designated subscribers, are hereby authorized to exchange reciprocal or inter-insurance contracts with each other

or with individuals, partnerships and corporations of the other states and countries, providing indemnity among themselves," the insurance contracts to be executed by subscribers through an attorney in fact, which attorney shall file with the auditor of state a declaration setting forth: (1) The name adopted by subscribers who propose to exchange insurance contracts; (2) the kind of business with form of policy; (3) a copy of power of attorney under which insurance is to be effected or exchanged; (4) location of office where contracts are to be issued; (5) that there are applications for indemnity upon not fewer than two hundred fifty separate risks aggregating not less than a half million dollars; (6) that there is in possession of the attorney in fact cash or securities sufficient to discharge all liabilities on all outstanding losses, the minimum of this fund to be $25,000; (7) a verified financial statement; and (8) an instrument authorizing service of process upon the auditor of state in all suits arising out of the insurance contracts exchanged, which service shall be valid and binding upon all subscribers exchanging contracts through the attorney in fact.

The contracts of insurance exchanged by the subscribers at the Hudson Motor Indemnity Exchange, as shown by form of policy filed with auditor of state, among other things provided: "By the acceptance of this contract and pursuant to the authority conveyed in my signed power of attorney on file with the exchange, I hereby appoint Hudson Underwriters, Inc., of Chicago, Illinois, attorney in fact, in my name, place and stead, to exchange indemnity with other subscribers at said exchange, to effect and accept re-insurance or cancel contracts, to do any and all things necessary to the exchange of contracts as herein provided for. The intent and purpose being to enable me to exchange indemnity with other subscribers; and every liability of whatever

nature is limited to a sum equal to the amount of the annual deposit designated in this policy, and no more. * * * The subscribers at the Hudson Motor Indemnity Exchange, herein also called 'exchange,' are individuals, firms and corporations that have each executed an agreement (hereby made a part hereof), which vests in Hudson Underwriters, Inc., Chicago, Illinois, herein called attorney in fact, power to issue this contract for them. It is understood and agreed that there is assumed by each subscriber, as if a separate contract were issued therefor, a sum which is the same proportion of the aggregate liability hereunder that each subscriber's advance bears to the aggregate of all subscribers' advances under all contracts in effect at the time of the loss, limited to a sum equal to the amount of the annual deposit, and no more."

In the subscriber's application for insurance, it was specially stipulated: "The office of the Hudson Underwriters, Inc., in Chicago, Illinois, has been selected by the automobile owners as a place at which they may exchange contracts of insurance, such place being designated the Hudson Motor Indemnity Exchange."

And the power of attorney executed by each subscriber contained, among other provisions, the following: "I, as subscriber thereat, hereby appoint the Hudson Underwriters, Inc., my attorney in fact, with power to substitute any other person or persons it may select, and to transfer its office to any other place or places in the United States. My attorney shall exchange indemnity for me with other subscribers, at the Hudson Motor Indemnity Exchange and shall have full power to do and perform every act that I myself could do in relation to contracts of indemnity or insurance and re-insurance thereof, including appearance in all actions, suits or other proceedings and the defense, compromise or adjustment of same, provided, however, that

my attorney shall not make me jointly liable with any other subscriber, but shall bind me separately and alone and for not more than my pro rata share on any one contract. Re-insurance shall be paid out of the exchange's fund. In addition thereto my attorney is hereby specifically authorized for me and in my name to execute any and all documents and to do any and all things necessary to effect compliance under the laws of any state with respect to the exchange of indemnity contracts provided for herein. Also to appoint the Auditor of State or Insurance Commissioner of any state my agent on whom service of process may be had in any suit, action or proceeding brought under any policy issued at said exchange. There shall be no joint funds, capital or stock, but my attorney shall keep a separate account, open to the inspection of all moneys paid by me as a result of this agreement. An advisory committee, consisting of five subscribers, to act for one year, shall be selected at each annual meeting of subscribers to be held on the second Saturday in February of each year unless said day fall on a legal holiday, in which event such meeting shall be held on the following Monday, at which meeting each subscriber shall have one vote. If any member of the committee shall cease to write indemnity or if his agreement be revoked or cancelled, he shall cease to be a member of said committee and the remaining members thereof shall have power to fill the vacancy. The officers of the Hudson Underwriters, Inc., shall be members, ex-officio, of the advisory committee. The attorney in fact shall receive for the management of said exchange, the three year membership fee of $........., which I agree to pay for each automobile insured by me and also the transfer fee of one dollar which I agree to pay each time my policy is transferred from one automobile to another owned by me. Out of said fee above provided, said at-

torney shall pay all expenses incident to the conduct of said exchange, except the items hereinafter mentioned.
* * *

"My liability shall be fixed and limited to an amount which shall in no event exceed one full additional annual premium deposit on any risk during any one year. Any subscriber failing to deposit, at the home office, the amount called for by the attorney within thirty days from the date said call is mailed, directed to him at his last known address, as shown by the records of the exchange, shall forfeit all his rights as a member and subscriber at said exchange so far as losses subsequently incurred by him are concerned, provided he may be reinstated within such time and for such period and on such terms as may be agreed and decided upon by the attorney in fact."

An examination of the Reciprocal Insurance Act discloses that all the rights and powers of those contracting for insurance under the reciprocal plan are to be exercised by the subscribers, either individually or through their attorney in fact. Although the act requires that the subscribers shall adopt a name by which they as a body may be designated, a corporation is not thereby created; nor does the statute authorize suit by the subscribers in the name adopted by them.

Under the terms of the policy and power of attorney forms filed with the auditor of state by the Hudson Underwriters, Inc., as attorney in fact, the Hudson Motor Indemnity Exchange was merely the place where the subscribers exchanged their contracts of indemnity through the attorney in fact. It was not a legal entity. *Sherman & Ellis* v. *Indianapolis Casting Co.* (1924), 195 Ind. 370, 144 N. E. 17; *Underwriters Exchange* v. *Indianapolis Street R. Co.* (1925), —— Ind. App. ——, 146 N. E. 860; *Alyea-Nichols Co.* v. *United States* (1926), 12 Fed. (2d) 998.

The Hudson Motor Indemnity Exchange, not being a corporation or legal entity of any kind, and being but a mere place, it follows that the appointment of a receiver therefor was without authority of law, and is wholly void.

Whether or not the appointment of appellee as receiver for the Hudson Underwriters, Inc., was also void is a question which it will not be necessary to decide.

Many questions are presented by appellants, but, in our view, the only question which will require consideration is the sufficiency of the evidence to sustain the decision. The trial court by its decree ordered the receiver to sue on the note and to foreclose the mortgage.

It is a settled rule that, for the purpose of litigation, a receiver of a corporation, appointed under the general powers of a court of equity, takes only those 2. rights of the corporation which could have been asserted by the corporation in its own name; and, upon that basis only, can the receiver litigate for the benefit of the stockholders or the creditors, except where the corporation had been guilty of fraud against its creditors. *Reel* v. *Brammer* (1913), 56 Ind. App. 180, 101 N. E. 1043; *Marion Trust Co.* v. *Blish* (1908), 170 Ind. 686, 692, 84 N. E. 814, 85 N. E. 344, 18 L. R. A. (N. S.) 347.

It follows that in the case at bar, the receiver cannot prosecute an action on the note and for foreclosure of the mortgage, unless the suit could have been maintained by the corporation. Could the suit have been maintained by, and in the name of, the corporation if the receiver had not been appointed? The Reciprocal Insurance Act provides that the individual subscribers for insurance may appoint some one as their attorney in fact; also, that "Upon compliance with the requirements of this act, the Auditor of State shall issue a certificate of authority or license to the attorney author-

izing him to make such contracts of insurance." The act, however, makes no provision for suit by the subscribers in the name of their attorney in fact; and an examination of the power of attorney executed by the subscribers who exchanged insurance contracts at the Hudson Motor Indemnity Exchange reveals that they did not empower their attorney to prosecute in its own name any action for them.

In *Sherman & Ellis* v. *Indianapolis Casting Co., supra,* the Supreme Court of this state had under consideration the question as to the right of the attorney in fact of the subscribers of an employers' reciprocal insurance association to sue and recover in its own name the insurance premiums due the association, and the court there held that the corporation acting as attorney in fact had no such right, it not being the real party in interest. In the case of *John L. Walker Co.* v. *National Underwriters Co.* (1924), 3 Fed. (2d) 102, the United States Circuit Court of Appeals for this circuit held that the attorney in fact for an Illinois reciprocal insurance organization could not maintain an action in its own name for libel of the business carried on by the subscribers at the exchange. Referring to the Reciprocal Insurance Statute of Illinois, the court in its well-considered opinion said: "The act leaves room for a wide variety of agreements between such body of subscribers and its attorney. If such agreement included a provision whereby the attorney might in its own name and for itself maintain an action arising in favor of the exchange, such agreement would have to be dealt with when asserted; but the declaration does not set up such an agreement between this attorney and the exchange in question, nor indeed any agreement between them, and it will not be presumed that such provision exists. Nothing appearing to the contrary, we must assume that this attorney in fact is, like every other attorney

in fact, an agent with those powers only that are stipulated in the undertaking. The fact that the maintenance of an action on the part of such an exchange might be cumbersome and embarrassing does not tend to vest that right in the attorney in fact."

The United States District Court for the Southern District of Illinois, in the recent case of *Alyea-Nichols Co.* v. *United States, supra,* in discussing the relation of the attorney in fact to reciprocal insurance subscribers doing business under the Reciprocal Insurance Act of Illinois, which act is similar to the Indiana statute, uses this language: "The attorney in fact is the limited agent of the subscriber, acting for him in the exchange of contracts, and holding the deposit made by the subscriber in readiness to meet the subscriber's obligation. The making of the deposit does not change the character or legal effect of the relations between the subscribers, nor the relation which exists between the individual subscriber and his individual agent, the attorney in fact. The possession of the deposit funds by the agent is, and as a matter of law must be, the possession of the subscriber. So, in contemplation of the law, no portion of the deposit leaves the custody of the subscriber, except the 10 per cent. thereof which is paid to the attorney in fact as his compensation and to pay his expenses of maintaining his office, the exchange."

Under these authorities, which we approve, the Hudson Underwriters, Inc., is not the real party in interest with respect to the note and mortgage; the real

3, 4. parties in interest are the subscribers for whose benefit the note and mortgage were given. Neither was the corporation the trustee of an express trust. The Hudson Underwriters, Inc., when it took the note and mortgage for the purpose of transferring

them to the Hudson Motor Indemnity Exchange, held them, not as trustee of a joint fund of all the subscribers, but as attorney in fact for the subscribers who become the several owners thereof, and for the benefit of those subscribers who might become entitled thereto under the contracts of insurance exchanged. The right to sue is, and at all times has been, in the subscribers entitled to claim the benefit thereof.

Subscribers entitled to the benefit of the note and mortgage are not without their remedy. Equity does not permit a trust to fail for want of a trustee.

5, 6. Any subscriber claiming a right to resort to this note and the mortgage for payment of his loss could sue in a court of equity on behalf of himself and all others similarly situated. The proceeding would be in the nature of a creditor's bill.

We conclude that the right of action on the note and for foreclosure of the mortgage was not in the Hudson Underwriters, Inc., the attorney in fact for the subscribers, but in the subscribers for whose benefit they were given.

Reversed.