UNDERWRITERS EXCHANGE, INCORPORATED, *v.* MONTGOMERY, RECEIVER, ET AL.

[No. 13,488. Filed December 11, 1929. Rehearing denied February 18, 1930.]

*Henderson & Henderson* and *Claycombe & Stump,* for appellant.

*Clinton H. Givan, Frank A. Symmes, Garth B. Melson, Donald F. LaFuze* and *Harold F. Kealing,* for appellees.

McMAHAN, J.—Thomas E. Clifford brought a suit against the National Automobile Insurance Association and the Underwriters Exchange, Incorporated, to recover on a policy of insurance issued by the first-named defendant. The complaint alleged that said insurance association was doing a reciprocal insurance business, that it was insolvent or in great danger of becoming insolvent, and asking for the appointment of a receiver. The policy was signed by the Underwriters Exchange, attorney in fact for the association. The complaint further alleged that the Underwriters Exchange had, in its possession and under its control, money and property belonging to the association. Clifford recovered a judgment against the association, and George H. Wick was appointed receiver of such defendant. It being later shown to the court that Wick was the secretary and treasurer of the Underwriters Exchange, he was removed, and George N. Montgomery was, in June, 1925, appointed receiver in place of Wick. Montgomery qualified and took upon himself the settlement of the business of the association, and, on September 27, 1927, filed his final report showing receipts of $28,688.73, practically all of which had been turned over to him by the former receiver, and that he had paid out, in the course of the administration of his trust, cash items aggregating more than $21,000, and tendering his resignation. The court thereupon made a final allowance to the receiver and his attorney and directed that he turn the balance in his hands over to the clerk of the court, and gave 10 days

within which exceptions should be filed. Eleven days later, and on October 8, 1927, the Underwriters Exchange filed exceptions to the report, in which it alleged that it was a corporation; that the National Association was a reciprocal exchange engaged in exchanging policies of insurance indemnifying subscribers, for all of which subscribers, the exceptor, Underwriters Exchange, had acted as attorney in fact; that it had turned over to the receiver all property in its hands belonging to said subscribers; that the appointment of the receiver and all his acts were null and void; and that he should be ordered to turn over to the exceptor the whole of the $28,688.76 so received by him. In June, 1928, a second paragraph of exceptions was filed, which was, in substance, the same as the exceptions theretofore filed. On motion of the receiver, the second paragraph of exceptions was stricken out on the ground that the same was not filed within the time allowed by the court. And the court, on the same day and on its own motion, struck out all exceptions filed, stating as a reason therefor that the court had jurisdiction of the subject-matter and of all the parties for the purpose of appointing a receiver in the cause. To this action, the Underwriters Exchange excepted, after which the final report of the receiver was approved, and the Underwriters Exchange has appealed.

The Reciprocal Insurance Act of this state (§§9308-9321 Burns 1926) provides that the individual subscribers for insurance may appoint some one as their attorney in fact. As was said by this court in *Turner* v. *Henshaw, Rec.* (1927), 86 Ind. App. 565, 155 N. E. 222, "The act, however, makes no provision for suit by the subscribers in the name of their attorney in fact." And there is no claim, in the instant case, that the power of attorney executed by the subscribers who exchanged insurance contracts empowered

the Underwriters Exchange to prosecute an action or to prosecute an appeal in its name. In *Sherman & Ellis* v. *Indianapolis Casting Co.* (1924), 195 Ind. 370, 144 N. E. 17, the Supreme Court of this state, referring to an attorney in fact of the subscribers of a reciprocal insurance association, held that such attorney, not being the real party in interest, had no right to sue and recover in its own name insurance premiums due the association. And we hold that appellant has no such interest in the funds in the hands of the receiver as authorizes it to file exceptions in its own name to the report of the receiver, or to prosecute an appeal from the action of the court therein. Not only this, but appellant was in court when the receiver was appointed and made no objection to such appointment. After the receiver was appointed, appellant turned over to the receiver all the money and property in its possession belonging to the subscribers, and, without objection, stood by and permitted the receiver, under authority of the court, to disburse and pay out on claims against the subscribers more than $21,000, and then, when the receiver filed his final report, for the first time, challenged the authority of the court to appoint the receiver. Conceding, as we must, that the appointment of the receiver was void, appellant is in no position to file exceptions to the receiver's report or to prosecute an appeal to this court. Common honesty would forbid such action, even if it were a proper party and entitled to file exceptions.

Appeal dismissed.