UNDERWRITERS EXCHANGE *v*. INDIANAPOLIS STREET RAILWAY COMPANY.

[No. 26,329. Filed May 15, 1933.]

*Samuel D. Miller, Frank C. Dailey, William H. Thompson, Albert L. Rabb, Thomas D. Stevenson* and *Perry E. O'Neal,* for appellant.

*W. H. Latta, M. E. Foley* and *D. E. Watson,* for appellee.

MYERS, J.—Action by appellant, Underwriters Exchange, a corporation organized under the laws of Indiana, against appellee to be reimbursed for loss on account of a reciprocal insurance contract covering damage to a certain truck, the property of Arthur Sahm. The complaint is in three paragraphs. Arthur Sahm was made a party defendant who answered, disclaiming all interest in the subject matter of the action. Indianapolis Street Railway Company's separate demurrer to each paragraph of the complaint for want of facts, for defect of parties plaintiff, and for defect of parties defendant was sustained. Judgment followed in favor of appellee. The rulings on the demurrer are the errors assigned.

It appears from the complaint that Arthur Sahm, one of approximately 35,000 subscribers exchanging reciprocal or inter-insurance contracts, was indemnified against loss or damage to his motor truck; that while his inter-insurance contract was in force, and without his fault, appellee, by one of its servants, agents and employees, negligently and carelessly ran one of its street cars against the truck to its damage in the sum of $479.46; that the subscribers exchanging indemnity contracts adopted the name National Automobile Insurance Association, which merely indicates the place where the office of their attorney is maintained and the place where the exchange of contracts takes place; that the subscribers compose an unincorporated association and the name adopted does not represent an entity. Appellant paid to Sahm his damages, and by this action sought to be subrogated to the right of action of Sahm against appellee.

Appellee insists that this action cannot be maintained by appellant for the reason that the complaint shows that it is not the real party in interest.

The character of insurance here involved has legisla-

tive authorization. Acts 1919, ch. 102, p. 503, 14 sections; §§9308-9321 Burns 1926. Section 9309 (§2) provides: "Such contracts may be executed by an attorney, agent or other representative herein designated 'attorney,' duly authorized and acting for such subscribers. The office or offices of such attorney may be maintained at such place or places as may be designated by the subscribers in the power of attorney."

Section 9310 (§3) provides: "Such subscribers so contracting among themselves shall, through their attorney, file with the auditor of state a declaration, verified by the oath of such attorney, or where such attorney is a corporation, by the oath of a chief officer thereof, setting forth: (a) The name or title adopted by such subscribers proposing to exchange such indemnity contracts. . . . (b) The kind or kinds of insurance to be effected or exchanged. (c) A copy of the form of policy contract or agreement under or by which such insurance is to be effected or exchanged. (d) A copy of the form of power of attorney or other authority of such attorney under which such insurance is to be effected or exchanged"; and certain other information unnecessary here to repeat.

Section 9311 (§4): "Concurrently with the filing of the declaration provided for by the terms of Section 3 hereof, the attorney shall file with the auditor of state an instrument in writing, executed by him for said subscribers, conditioned that, upon the issuance of a certificate of authority provided for in Section 9 hereof, service of process may be had upon the auditor of state in all suits in this state arising out of such policies, contracts or agreements, which service shall be valid and binding upon all subscribers exchanging at any time reciprocal or inter-insurance contracts through such attorney."

Section 9316 (§9) provides: "Upon compliance with the requirements of this act, the auditor of state shall

issue a certificate of authority or a license to the attorney authorizing him to make such contracts of insurance, which license shall specify the kind or kinds of insurance and shall contain the name of the attorney, the location of the principal office and the name or the designation under which such contracts of insurance are issued."

Sections 9317 and 9318 (§§10, 11) provide penalties in case such attorney does not comply with the provisions of this act.

Each of the subscribers, it appears, executed the following instrument:

"The office of Underwriters' Exchange, Indianapolis, Indiana, having been selected by subscribers as the place for the exchange of indemnity, such place being called 'National Automobile Insurance Association,' I as a subscriber thereat hereby appoint Underwriters' Exchange my attorney in fact, with power to substitute any other person or persons it may select, and to transfer its office to any other place in the United States. Said attorney in fact shall exchange indemnity for me with other subscribers at National Automobile Insurance Association and shall have full power to do any act I myself could do in relation to such contracts of indemnity and the reinsurance thereof, including the appearance in all actions and the defense, compromise and adjustment of claims and the doing of all acts and execution of all writings necessary under the laws of any state with respect to the exchange of indemnity contracts as herein provided for, including power to authorize the Insurance Commissioner, or other proper official, of any state in which insurance is exchanged to accept service of process upon subscriber in any suit on his obligation as such.

"Said attorney in fact shall not render me jointly liable with any other subscriber but shall bind me separately and for myself alone on any one contract to the extent of the sum deposited herewith, and for the payment of excess losses I hereby subscribe, subject to the call of the Advisory Committee, a sum equal to said deposit.

"There shall be no joint funds, capital or stock,

but my attorney in fact shall keep a separate account (open to my inspection) of the moneys advanced by me as the result of this instrument.

"An advisory committee of three subscribers shall be selected by said attorney in fact and any vacancies thereon shall be filled by said attorney in fact, who shall also be ex-officio member thereof. Any member of such committee ceasing to exchange indemnity, or whose agreement as a subscriber has been revoked, shall immediately cease to be a member of the committee.

"The funds of the several subscribers shall be deposited in banks or invested in securities subject to the approval of a majority of the Advisory Committee, and all disbursements shall be paid by check of the attorney in fact.

"The attorney in fact shall pay out of my funds my proportionate share of the outlay for the payment and adjustment of losses on risks, counsel fees, cost and expenses of law suits, reinsurance, taxes, insurance department fees, expenses of Advisory Committee and premium on surety bonds recommended by Advisory Committee.

"The attorney in fact shall defray the expenses of exchanging indemnity, except those mentioned above, in consideration for which and for its services it shall retain for itself thirty-five per cent. of all moneys deposited under this agreement.

"The Advisory Committee may set aside not to exceed one-half of my average savings as net surplus until such surplus shall equal the amount herewith deposited; and all other savings shall be returned to me in cash; provided, the surplus required by the laws of any state in which indemnity is exchanged shall first be maintained out of deposits at said association.

"This instrument shall take effect on the date below given, when said attorney in fact is authorized to issue to me contract for indemnity in accordance with the attached schedule; and this power of attorney shall apply to any additional protection hereafter applied for in the same manner as herein provided. This power of attorney may be revoked or cancelled by either party on five days' prior notice mailed to the address of either party as herein given, whereupon said attorney in fact shall can-

cel all unexpired indemnity relating to me, liquidate my account and return to me unused net advances.

"The personal pronoun herein used to refer to Subscriber shall so apply regardless of gender or number."

We must look to the foregoing statutory provisions and the written authority to appellant by each of the subscribers for an answer to the decisive question in this case. The statute, §9308 (§1, Acts), permits individuals, partnerships and corporations of this state to exchange reciprocal or inter-insurance contracts as an unincorporated association, whereby they underwrite each other's risks against loss by certain hazards, through an attorney in fact common to all, under an agreement that each subscriber shall not be jointly liable with any other nor to a greater amount than that specified in his contract. He does, however, bind himself separately "on any one contract to the extent of the sum deposited" by him and a further sum under certain conditions.

In the instant case we have the anomalous situation of an unincorporated association selecting the name "National Automobile Insurance Association," which is said to be meaningless except that it designates the place where subscribers exchange insurance by the agency of an attorney in fact acting for the subscribers and whose authority in that respect, as well as in all other respects, is circumscribed by the written instrument of his appointment. Mechem on Agency (2d ed.), p. 496, §707; Story on Agency (9th ed.), p. 88, §72; *Mount Morris Bank* v. *Gorham* (1897), 169 Mass. 519, 48 N. E. 341; *Craighead* v. *Peterson* (1878), 72 N. Y. 279, 28 Am. Rep. 150; *Thompson* v. *Power Co.* (1910), 154 N. C. 13, 69 S. E. 756.

The power of attorney, as will be seen, limits appellant's rights and powers, prescribes its duties and pro-

vides for its compensation. There is no provision in the act or language in the power of attorney, either expressly or by implication, authorizing appellant alone as plaintiff, on behalf of the subscribers or the subscribers in the name of their attorney in fact, to maintain an action in any matter between the subscribers and a third party. *Turner* v. *Henshaw, Rec.* (1927), 86 Ind. App. 565, 155 N. E. 222. The clause, "including the appearance in all actions and the defense, compromise and adjustment of claims and the doing of all acts and execution of all writings necessary under the laws of any state," in the power of attorney, obviously has reference to the things or matters incident to the subscribers' contracts of indemnity, the adjustment of losses and nothing more. In the instant case the power of attorney contemplates that the subscriber, on any one contract, will deposit a certain sum which may be used for certain specified purposes,. among which, is the attorney for its services "shall retain for itself thirty-five per cent of all moneys deposited under this agreement." Under this stipulation the fund out of which the attorney is paid is limited to the deposit of the subscriber. If appellant could be treated as the insurer and was compelled to pay the loss occasioned by the party primarily responsible therefor, as asserted in the instant case, there would be a basis for saying that it should be subrogated to the rights of the insured, on the principle that subrogation is a normal incident to indemnity insurance, although the contract of the subscriber has no stipulation to that effect. *Phenix Ins. Co.* v. *Pennsylvania R. Co.* (1892), 134 Ind. 215, 33 N. E. 970, 20 L. R. A. 405; *New York, etc., R. Co.* v. *Roper* (1911), 176 Ind. 497, 96 N. E. 468, 36 L. R. A. (N. S.) 952; *Universal Ins. Co.* v. *Old Time Molasses Co.* (1931), (C. C. A.) 46 Fed. (2d) 925, 927. But the fact must not be overlooked that reciprocal or

inter-insurance contracts are distinguishable from all other forms of insurance in that every insured is an inter-insurer and every insurer is insured. Appellant is neither an insurer or insured. It has suffered no loss. While it was the medium through which the loss was paid, such payment tended to deplete only the account of the subscribers. Since it has been held that an inter-insurance subscriber, for loss sustained, may maintain an action against a co-subscriber for his proportionate liability, notwithstanding such subscriber's contract provided that such actions should be against the attorney in fact (*Knorr* v. *Bates* [1895], 12 Misc. 395, 33 N. Y. S. 691), under the circumstances of the present case we are not prepared to say that even a stipulation in the power of attorney authorizing appellant in its own name to sue appellee would be sufficient to meet the provisions of our code requiring that "every action must be prosecuted in the name of the real party in interest." Sec. 258 Burns 1926. Nor is the asserted action in this case grounded upon any contract to which appellant was a party, or a contract in the name of another made for its benefit, facts essential (§259 Burns 1926) to make appellant a trustee of an express trust. We therefore hold that appellant is not shown to be the real party in interest or the trustee of an express trust. *Turner* v. *Henshaw, Rec., supra,* and cases there cited; *Carr* v. *Carr* (1894), 137 Ind. 232, 234, 36 N. E. 899; *Home Ins. Co.* v. *Gilman, Exr.* (1887), 112 Ind. 7, 10, 13 N. E. 718; *Rawlings* v. *Fuller* (1869), 31 Ind. 255; *Campbell* v. *Fichter* (1907), 168 Ind. 645, 650, 81 N. E. 661, 11 Ann. Cas. 1089; *Mitchell* v. *St. Mary* (1897), 148 Ind. 111, 115, 47 N. E. 224; *Sherman & Ellis* v. *Indianapolis Castings Co.* (1924), 195 Ind. 370, 144 N. E. 17.

The demurrer to the complaint was properly sustained. Judgment affirmed.