McALEXANDER ET AL. *v.* WALDBIESER ET AL.

[No. 25,986. Filed October 29, 1934. Rehearing denied February 19, 1935.]

*Fae W. Patrick,* and *Garrett W. Olds,* for appellants.

*Dailey, O'Neal, Dailey & Efroymson,* and *Noel, Hickam, Boyd & Armstrong,* for appellees.

FANSLER, J.—In February, 1928, Robert O. McAlexander brought this action against Albert Waldbieser, and all other subscribers in a reciprocal insurance association known as Federal Automobile Insurance Underwriters, and/or Federal Automobile Insurance Association, and The Federal Underwriters, Inc., attorney in fact for the subscribers, alleging that he is a subscriber and the holder of a contract in the association; that the fund of the subscribers in the hands of the attorney in fact is being mismanaged and is insolvent in that there are not sufficient funds to pay claims, and asking for an accounting and the appointment of a receiver to take charge of and administer the fund. Service was had upon the defendants named, and upon the Insurance Commissioner of the State of Indiana, and, after a hearing, Garrett W. Olds was appointed receiver in March, 1928. In June, 1929, on petition of the receiver, the court ordered an assessment against the subscribers, and ordered its collection by the receiver. In December, 1929, appellees filed what is denominated an intervening petition, seeking to have the appointment of the receiver set aside, and asking that the order of assessment be modified or set aside. The receiver's motion to strike out the intervening petition and his demurrer were overruled, and the receiver answered, and in December, 1930, the court entered an order denying the petition to set aside the appointment of the receiver, but vacating and setting aside the order of assessment against the subscribers.

Appellants have assigned error upon these rulings of the court unfavorable to them, and upon the exclusion of certain evidence offered at the hearing. While contending that the original order appointing the receiver was invalid, appellees have not assigned cross-error upon

the court's ruling against them upon that question, and in their brief they say that they desire that the questions presented be decided upon their merits, and that they are primarily interested in sustaining the order of the court below setting aside the order of assessment.

The contracts between the subscribers and the power of attorney are substantially the same as those usually found in reciprocal insurance arrangements and referred to in various cases decided in this court and the Appellate Court. *Sherman & Ellis, Inc.,* v. *Indianapolis Castings Co.* (1924), 195 Ind. 370, 144 N. E. 17; *Underwriters' Exchange* v. *Indianapolis St. Ry. Co.* (1925), 144 N. E. 860; *Turner et al. v. Henshaw, Rec.* (1927), 86 Ind. App. 565, 155 N. E. 222; *Underwriters' Exchange, Inc.,* v. *Montgomery, Rec.* (1929), 91 Ind. App. 24, 169 N. E. 54; *Wysong* v. *Automobile Underwriters, Inc.* (1933), 204 Ind. 493, 184 N. E. 783.

The case of *Sherman & Ellis, Inc.,* v. *Indianapolis Castings Co., supra,* involved an effort of the attorney in fact to collect assessments by an action in its own name. It was held that it had no authority to maintain the suit. In the case of *Underwriters' Exchange* v. *Indianapolis St. Ry. Co., supra,* it was held that the attorney in fact could not sue in its own name upon a subrogation claim. In the case of *Turner et al.* v. *Henshaw, Rec., supra,* it was held that the receiver could not be appointed for the insurance exchange, which was a mere place of transacting business. In the case of *Underwriters' Exchange, Inc.,* v. *Montgomery, Rec., supra,* it was held that a receiver cannot be appointed for a reciprocal association. In the case of *Wysong* v. *Automobile Underwriters, Inc., supra,* it was held that the liability of subscribers is determined and controlled by the contracts involved, and by the statute of this state governing reciprocal companies (§§9308-9321, Burns 1926).

But the question presented here is a different one. While the applications of the subscribers, the insurance contracts, and the power of attorney provide that the liability of the subscribers to each other shall be several and not joint, and that a separate account shall be kept of the payments and assessments of each subscriber, the contracts provide, and the statute contemplates, that the money paid in by the subscribers shall be kept in a common fund in the name of the attorney in fact, and that it shall be disbursed by checks upon this fund, and that certain portions of the fund thus received shall be invested in reserves and in securities to be deposited with the insurance commissioner under the statute. It follows that every subscriber has an interest in this co-mingled fund. The complaint alleges that the fund is being mismanaged, dissipated, and lost through the misconduct of the attorney in fact. No individual subscriber has the power or authority to take possession of the fund for the benefit of himself, or for all of the subscribers. A court of equity, at the suit of a subscriber, has unquestioned power to take possession of such a fund under such circumstances, and to manage, disburse, and liquidate it, so as to do justice to all parties in interest under their contracts.

The principal contention between the parties involves the liability of subscribers to assessment, the extent of the assessment, and the purpose for which it may be made. Under the agreement, each subscriber obligates himself to pay into the fund his pro rata share of any and all expenses necessary to the operation of the business, and the payment of losses against which the subscribers are insured. Clause M of the insurance contract provides that, in the event of litigation for the recovery of any claim under a subscriber's insurance contract, suit shall not be brought

against more than one subscriber, but that in an action against one subscriber the judgment shall be binding upon all subscribers, and "shall be enforceable against the funds of Subscribers liable therefor, deposited by them with the Attorney-in-Fact." It seems clear that this provision has reference to the manner in which all claims arising under insurance policies may be litigated and collected, and has no reference to actions seeking to require subscribers to pay into the fund such sums as may be due under the subscriber's agreement, and there is no provision in any of the contracts controlling the character of action which may be brought to enforce such a liability, and, therefore, the character of action would be controlled by the general law upon the subject. Under the contract, each subscriber binds himself to any other subscriber who may have a loss; that if his claim is allowed, or judgment is had payable out of the fund, he will deposit in the fund his pro rata share of such an amount as may be necessary to pay the claim. It would seem that, where many claims have been allowed or reduced to judgment and there is not sufficient money in the fund to pay, each claimant would have a cause of action against each and every subscriber to require payment of the amount due from him as his pro rata share of the indebtedness of the fund; and it would seem that, where all claimants are in like position, with adjudicated and undisputed claims against the fund, and where all subscribers are in like situation, obligated each to pay his pro rata share, a class action might be brought by one claimant for the benefit of himself and all other holders of claims against the fund. The statute, §9311, provides for the filing of an agreement by the subscribers, conditioned that in all suits arising out of their policies, contracts, or agreements, service of process may be had upon the auditor of state, which service shall be valid and binding upon

all subscribers; and the power of attorney has a like provision, so that in such a class suit as above referred to all subscribers may be served by process upon the auditor of state. The complaint alleges facts sufficient to constitute a class action, and service was had upon the auditor of state. The judgment of the court recites that Albert Waldbieser and all other subscribers, known and unknown, are before the court, and the judgment was not appealed from. Thus all parties were before the court, and the court had jurisdiction of all of them, at least for the purpose of appointing a receiver for the fund. The complaint states a cause of action for the appointment of a receiver, but it does not allege that the plaintiff has a claim against the fund of the subscribers, and, therefore, it does not state a cause of action against the other subscribers for contribution to the fund. It may well be that a subscriber who sustained a loss under his policy which was unpaid and adjudicated might bring an action for himself and all others in like situation against all of the other subscribers to require contribution to the fund, but the complaint alleges no facts showing such a situation, nor any other facts which disclose that plaintiff has any interest in compelling contribution to the fund.

It follows that a receiver was properly appointed for the purpose of administering and liquidating the common fund, but that since no one who has an interest in requiring subscribers to comply with their contract for contributions has sought such relief, the court has no jurisdiction to require payment from subscribers or to enter judgment against them for contribution.

Appellees' petition was denominated an intervening petition. They were not, however, new parties to the action, and it cannot be considered as an intervening petition by new parties. Appellants contend that, since the petition was filed many

months after the appointment of the receiver and the issuing of the order for an assessment, and since these orders were not appealed from in the time provided for appeals from interlocutory orders, the petition is a collateral attack upon the orders. The trial court did not set aside the order appointing the receiver, so we are not concerned with the petition in so far as it sought to affect that order. But the so-called order of assessment is not a judgment binding any of the parties; in so far as it seeks to affect the assessment, it is a mere direction and authorization to the receiver to take steps necessary to collect assessments from subscribers, and to bring and defend suits if necessary to that end. It was, at most, but directory or advisory to the receiver, and did not purport to finally bind any of the subscribers. The court had full jurisdiction to at any time consider the representations of petitioners, or any party in interest, with a view to determining whether its directions to its receiver had been improvidently given, and to modify and rescind the order to the end that the trust might be lawfully, justly, and economically administered.

Judgment affirmed.